CHARLES GIBSON, Respondent, v. CHARLES P. CHOUTEAU et al., Appellants:

1. *Ejectment — Patent — Statute of limitations.*— In actions of ejectment the statute of limitations does not begin to run till the patent issues. (Gibson v. Chouteau, 13 Wall. 93.)

2. *State Supreme Court, on case reversed from U. S. Supreme Court, may reopen record, how.*— It seems that when a case is reversed in the Supreme Court of the United States on one issue, and remanded to the State court for further proceedings in accordance therewith, the latter court may reopen the record for the correction of other errors appearing thereon, of which the State courts have sole jurisdiction.

*Motion to Affirm Judgment of St. Louis Land Court*

*Glover & Shepley*, with *B. A. Hill*, for appellants.

The recitals on the face of the patent are conclusive against Gibson, who claims under it, that the interfering claims are valid titles. (Clamorgan v. Green, 32 Mo. 285; Carver v. Jackson, 4 Pet. 1, 83, 88; Van Rensselaer v. Kearney, 11 How. 297; Primm v. Lajoye, 3 Mo. 529; Barnett v. Devenbaugh, 3 Binn. 179; Penrose v. Griffith, 4 Binn. 237; Field v. Langsdorf, 43 Mo. 32; 36 Mo. 440; Sprigg v. Bank of Mt. Pleasant, 12 Pet. 257; Ballance v. Forsythe, 13 How. 18; Magwire v. Tyler, 8 Wall. 650; Chapman v. Armisted, 4 Munf. 382; R. C. 1855, p. 695, § 33; Sess. Acts 1857, p. 34; Slevin v. Brown, 32 Mo. 176.)

*Chas. Gibson, pro se.*

WAGNER, Judge, delivered the opinion of the court.

This case was in this court at its October term, 1866, and will be found reported in 39 Mo. 539. We then decided the whole case in favor of the respondent, with a single exception, namely, the statute of limitations. Upon that question we ruled against him, and held that he was barred. On that single point he appealed to the Supreme Court of the United States, and that tribunal has reversed this court, and he now presents his motion asking that judgment be entered up in his favor.

There is obviously nothing more for this court to decide, or for any court to retry, that is not *res adjudicata*. Upon every question of State jurisdiction we held for him, and the Supreme Court of the United States has decided the remaining point coming within Federal cognizance in his favor, and we therefore think he is entitled to his judgment. There is a remaining point, however, and that is this: his patent interferes with and covers certain portions of common-field lots, which we are satisfied, as now advised, constitute a superior title to his. A judgment here would be no bar to an action of ejectment in these claims, and we will sustain the motion on condition that the respondent enters in this court a *remittitur* for the above mentioned interferences. The other judges concur.