THE STATE v. WARE, *Appellant:*

1. **Bill of Exceptions**: CHANGE OF VENUE. Exceptions to the action of the trial court in refusing to allow a change of venue, will not be noticed by the Supreme Court unless preserved by a bill of exceptions taken at the term at which the change is refused.

2. **Instructions**: HARMLESS ERROR. Defendant being indicted for stealing a mare, the court correctly instructed the jury, both on the theory that she was stolen in the county of the trial, and on the theory that she was stolen in another county and then imported into the county of trial. There was evidence that the theft was committed in the latter county. *Held*, that even if there was no evidence of larcenous taking in the other county, no error had been committed prejudicial to defendant.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

*L. T. Collier* and *T. H. Kemp* for appellant.

*J. L. Smith,* Attorney-General, for the State.

SHERWOOD, C. J.—Defendant was indicted for stealing a mare in Livingston county, the property of one Alfred Minnick, who, the testimony showed, lived in Daviess county, and near the line dividing that from Livingston county.

I. It is entirely unnecessary to discuss the alleged error of the denial of the change of venue prayed for by defendant at the January term, 1877, since no exceptions, if taken, were saved to the action of the court at that term, and since, also, the application for such change constitutes no part of the record unless made so by the bill of exceptions, and there was no bill of exceptions filed at the time last mentioned. The same rule prevails alike in criminal and civil cases, that exceptions taken at a certain term must be preserved by bill filed at that term, or else they amount to nothing. 2 Wag. Stat., §§ 27, 28, 1043; Ib., §§ 17, 26, 1103, 1105. Nor could the exceptions, if any were taken at the January term, 1877, to the action of the court in denying the change of venue, be galvanized into life by merely inserting in the bill of exceptions filed at the next May term, the application for such change, and alleging in such bill that defendant excepted to the action of the court in overruling the application.

II. The only other error relied on for reversal is the giving of the third instruction at the instance of the State: " That although the jury may believe the mare was originally taken in Daviess county, yet if they further believe that he took her with the intent to steal and convert her to his own use, and that he, defendant, brought her into this, Livingston county, they will find him guilty." And

it is contended that there is no evidence to show that the mare was originally taken by defendant in Daviess county; that, on the contrary, the evidence discloses that the mare was first caught by defendant on Fister prairie in Livingston county. We do not agree with counsel that there was no evidence as to a felonious taking in Daviess county. We think the jury might reasonably infer from the evidence that the mare was stolen by defendant in Daviess, and taken to Livingston county, and there concealed in the brush, and that he there concealed her, was abundantly shown. But granting, for argument's sake, that there was no evidence of a larcenous taking by defendant in Daviess county, still it was shown by his own witnesses that he caught the mare on Fister prairie in Livingston county, and as to whether that taking was felonious, was appropriately left to the jury by other instructions. Where the offender steals property in one county and takes it into another county, he is indictable and punishable in either county. *State v. Smith*, 66 Mo. 62. So that the instruction, in any event, could have done the defendant no harm, as, if there was no evidence as to the original taking by him in Daviess, there was evidence of such taking in Livingston. In the case just cited similar instructions to those in the present case were approved. And we affirm the judgment. All concur.

AFFIRMED.