Keen v. Schnedler.

KEEN, *Appellant*, v. SCHNEDLER *et al.*

1. **Civil Practice**: CHANGE OF VENUE: EXCEPTIONS. A court to which a cause is transferred on change of venue can allow no bill of exceptions as to matters which occurred in the court from which the venue was changed.

2. **Unrecorded Deed**: NOTICE. An unrecorded deed is good as between the parties to it, and as to all other persons except such as are purchasers for value and without notice.

3. ———: ———. Where a deed through which one claims calls for an unrecorded deed, such person will be held to have had sufficient notice of the latter deed.

4. **Possession**: ADJOINING OWNERS: ERRONEOUS LINE. Possession by adjoining owners of land to what is erroneously supposed to be the true line between them, with no intention to claim beyond the true line, is not binding on either party.

5. **Practice**: INSTRUCTIONS. A party cannot complain that an instruction given for the other side was without evidence to authorize it, when he asked and obtained an instruction involving the same proposition.

6. ———: ———: NEW TRIAL. A new trial ought not to be awarded for the giving of an erroneous instruction where it worked no harm.

7. ———: REMITTITUR: EJECTMENT. A *remittitur* is allowed, both in the Supreme and trial courts, where the judgment is excessive, and this may be done in ejectment suits, as well as where the judgment is for money.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Lackland & Wilson* for appellant.

(1) Plaintiff's first instruction is qualified by the fourth. There is nothing misleading. It is, in the main,

right. There is no reversible error, if any. *State ex rel. v. Coontz*, 83 Mo. 323, 331-2 ; *Russell v. State Insurance Co.*, 55 Mo. 594 ; *Bridwell v. Swank*, 84 Mo. 456, 467 ; *Wade v. Railroad*, 78 Mo. 362, 366 ; *Gray v. Packet Company*, 64 Mo. 50 ; *Kimes v. Railroad*, 85 Mo. 611, 614 ; *Hamilton v. Boggess*, 63 Mo. 233, 243 ; *Bradley v. West*, 60 Mo. 33, 41 ; *DeGraw v. Taylor*, 37 Mo. 310 ; *Knowlton v. Smith*, 36 Mo. 507, 514. (2) Plaintiff's sixth instruction is right. There was ample evidence to support it. *Huckshorn v. Hartwig*, 81 Mo. 648 ; *St. Louis University v. McCune*, 28 Mo. 481 ; *Knowlton v. Smith*, 36 Mo. 507, 514 ; *Kincaid v. Dormey*, 47 Mo. 337 ; *Tamm v. Kellogg*, 49 Mo. 122, 123 ; *Thomas v. Babb*, 45 Mo. 384 ; *Hamilton v. West*, 63 Mo. 93 ; *Lemmon v. Hartsook*, 80 Mo. 13 ; *Smith v. Lindsey*, 89 Mo. 76 ; 3 Wash. on Real Prop. 125. (3) Defendants asked for the same declaration of law themselves. Defendants' instructions, seven and fourteen, are the same as plaintiff's instruction six. They are, therefore, estopped from complaining. *Crutchfield v. Railroad*, 64 Mo. 255 ; *Davis v. Brown*, 67 Mo. 313 ; *McGonigle v. Daugherty*, 71 Mo. 259, 265-6 ; *Mastin Bank v. Hammerslough*, 72 Mo. 274 ; *Smith v. Culligan*, 74 Mo. 388 ; *Bettes v. Magoon*, 85 Mo. 580, 586. (4) To trace the title to a common source is sufficient. Defendants' instruction eight was properly refused. *Miller v. Hardin*, 64 Mo. 545, 546 ; *Butcher v. Rogers*, 60 Mo. 138. Possession is presumed to be in the owner of the title. *Bradley v. West*, 60 Mo. 33 ; *Mylar v. Hughes*, 60 Mo. 105. (5) Defendants' instruction ten was properly refused. (6) Defendants' instructions eleven and thirteen were properly refused. They are demurrers to the evidence. If there is any evidence at all tending to support plaintiff's cause, the case must go to the jury. *Clotworthy v. Railroad*, 80 Mo. 220 ; *Wash v. Morse*, 80 Mo. 568 ; *Grewington v. Jenkins*, 85 Mo. 57 ; *Baum v. Fryrear*, 85 Mo. 151 ; *Groll v. Tower*, 85 Mo. 249. (7) Defendants' in-

struction twelve was properly refused. An unrecorded deed is good against all the world, except a subsequent innocent purchaser, for value, without notice. *Strickland's Heirs v. McCormick's Heirs*, 14 Mo. 166, 169 ; *Cape Girardeau Road Co. v. Renfro*, 58 Mo. 265, 271-2 ; *McCamant v. Patterson*, 39 Mo. 100, 110 ; *Gibson v. Chouteau*, 39 Mo. 536, 558 ; *Railroad v. Moore*, 45 Mo. 443. The defendants had notice of this unrecorded deed by the recitals in their own deed from Watson to Hansell. *Scott v. McCullock*, 13 Mo. 15, 16 ; 1 Story's Eq., sec. 400 ; 1 Greenl. Evid., sec. 23 ; *Brush v. Ware*, 15 Peters [U. S.] 93. (8) It is well settled that *remittiturs* are allowed for the purpose of correcting judgments in which the finding has been for too large an amount. They may be entered in ejectment cases. *Gibson v. Chouteau*, 50 Mo. 86 ; *Priest v. Deaver*, 22 Mo. App. 284-5 ; *Henry v. Bassett*, 22 Mo. App. 673. They may be entered in the Supreme Court. *Gibson v. Chouteau*, 50 Mo. 86 ; *Miller v. Hardin*, 64 Mo. 545 ; *Johnston v. Morrow*, 60 Mo. 339 ; *Cook v. Railroad*, 63 Mo. 398, 403. The allowance of the *remittitur* in this case by the trial court was highly proper. (9) The record furnishes all the *data*, and contains all the facts necessary for the accurate adjustment of the *remittitur* and a just apportionment of the damages. *Kimes v. Railroad*, 85 Mo. 614 ; *Wade v. Railroad*, 78 Mo. 366 ; *Fine v. St. Louis Public Schools*, 39 Mo. 68. (10) The *remittitur* entered by the trial court defines a definite tract. But granting it to be otherwise, it furnishes no ground to the St. Louis court of appeals for reversing the case. That court had power to correct the judgment without remanding the case. So has this. It was not a reversible error, if true. *Philips v. Evans*, 64 Mo. 22 ; R. S., 1879, secs. 3570, 3582, 3583, 3375, 3776 ; *Hunt v. Railroad*, 89 Mo. 607 ; *Cruchon v. Brown*, 57 Mo. 38, 39 ; *Lemmon v. Hartsook*, 80 Mo. 14, 21 ; *Fine v. St. Louis Public Schools*, 39 Mo. 68. (11) There is nothing in the

objection to the change of venue, and to the jurisdiction of the Warren circuit court. Plaintiff's application contained all that the law required. The statute does not require a plaintiff to state, in his application for a change of venue, the time when he obtained his information or knowledge of the causes for which he asks the change of venue, but it does require it of a defendant. R. S., 1879, secs. 3731, 3732, 3733. (12) But it is immaterial in this case, because the defendants appeared in the Warren county circuit court and defended without objection. *Powers v. Browder*, 13 Mo. 154, 156; *State v. Knight*, 61 Mo. 374; *Feedler v. Schroeder*, 59 Mo. 364, 366; *Henderson v. Henderson*, 55 Mo. 545; *Taylor v. Railroad*, 68 Mo. 397, 399; *Meyer v. Broadwell*, 83 Mo. 571. (13) Plaintiff's unrecorded deed from Watson to McClaren was properly admitted in evidence. *Strickland's Heirs v. McCormick's Heirs*, 14 Mo. 166, 169; *Cape Girardeau Road, Co. v. Renfro*, 58 Mo. 265, 271-2; *McCammant v. Patterson*, 39 Mo. 100, 110; *Gibson v. Chouteau*, 39 Mo. 536, 558; *Railroad v. Moore*, 45 Mo. 443. Defendants' deed from Watson to Hansell gave notice of the unrecorded deed by its recitals. *Scott v. McCullock*, 13 Mo. 15, 16; 1 Story's Eq., sec. 400; 2 Lead. Cas. in Eq. 139, 152, 168, 169; 1 Greenl. Evid. sec. 23; *Brush v. Ware*, 15 Peters [U. S.] 93. If the deed in question had been lost, plaintiff could have traced title through it by proving contents. If so, the deed itself is admissible. 1 Greenl. Evid., sec. 558, and notes; *Donalson v. Williams*, 50 Mo. 407, 408. The deed also constituted color of title, which alone would authorize its introduction in evidence. The plats offered by plaintiff were properly admitted in evidence, both, because they were official plats, and because they were in explanation of the testimony of the witness. *Williamson v. Fisher*, 50 Mo, 198, 200; *Minke v. Skinner*, 44 Mo. 92. (14) The costs of a re-trial would be several times greater than the value of the land in controversy. In

such case this court would not order a re-trial unless it is very clear that great injustice has been done to the party complaining of the action of the trial court. *Porter v. Harrison*, 52 Mo, 524, 527.

*Noble & Orrick, W. A. Alexander* and *T. F. McDearmon* for respondents.

(1) The court below erred in granting the change of venue. R. S. 1879, sec. 3732, requires "any party" seeking a change of venue to file a petition, stating "when he obtained his information and knowledge" of the facts alleged, and the time must be sworn to, as much as any other part of the petition. The right to change of venue is statutory, and the statute must be strictly pursued. *Lewin v. Dille*, 17 Mo. 62 ; *Norvell v. Porter*, 62 Mo. 312; *Corpenny v. Sedalia*, 57 Mo. 88–92. The exception taken at the time of the order preserved the defendants' right, and a subsequent appearance did not waive this. *Potter v. Adams*, 24 Mo. 159 ; *State v. Knight*, 61 Mo. 374. (2) The court below erred in allowing a *remittitur* and giving judgment thereon. *Gibson v. Chouteau*, 7 Mo. App. 1, 3, 6 ; *Pinner v. Edwards*, 6 Rand. 675 ; *Minor v. Bank*, 1 Peters 74. (3) Neither the *remittitur* nor judgment was for any definite tract of land, calling as they do for a boundary line, when, confessedly now, there was no boundary line. (4) The court erred in the instructions given for plaintiff. The sixth instruction should not have been given, as there was no testimony in the case that the claim was not equal to the possession in fact. *Cole v. Parker*, 70 Mo. 379 ; *Wallbrunn v. Ballen*, 68 Mo. 167 ; *Hamilton v. West*, 63 Mo. 93 ; *Majors v. Rice*, 57 Mo. 389 ; *Kincaid v. Doriney*, 47 Mo. 337 ; s. c., 51 Mo. 554 ; *Tamm v. Kellogg*, 49 Mo. 122 ; *Thomas v. Babb*, 45 Mo. 384 ; *St. L. U. v. McCune*, 28 Mo. 507 ; *Knowlton v. Smith*, 36 Mo. 597. (5) The

court erred in refusing those of the defendants' instructions it did. (*a*) It was error to refuse the eighth instruction, which asserted the plaintiff must show possession or fail, because this was just as true as to plaintiff, surely as to the lap, as that defendants could maintain themselves by possession only outside the lap. (*b*) The tenth instruction should have been given. It was this instruction, alone, that brought to the attention of the jury the lapping of the deeds, and that, as to the portion inside the lap, the plaintiff could recover only by showing a ten years adverse possession. *Crispen v. Hannovan*, 50 Mo. 536; *Bradley v. West*, 60 Mo. 33. But the defendants had the prior and better right, because the Watson deed of plaintiff was not recorded, while all of defendants' deeds were. *Crispen v. Hannovan, supra.* (*c*) The court erred in not granting the following instruction, asked by the defendants: "The court instructs the jury that, under the evidence, the plaintiff cannot recover, and the verdict must be for defendants." The plaintiff had asserted, in his petition, claim to one chain and twenty-three links east of what he asserted to be his western line. It was demonstrated that this was not the boundary line, and that, in fact, there was no boundary line, and the proof was conclusive that all the defendants had possession of, they had had not only for ten, but for fifteen years continuously next before the suit was commenced. An adverse possession of ten years will not only bar a recovery by the owner, but will extinguish his title and confer it upon the adverse possessor. *Ridgeway v. Halliday*, 59 Mo. 444; *Barry v. Otto*, 56 Mo. 177; *Shepley v. Cowen*, 52 Mo. 559; *Bank v. Evans*, 51 Mo. 335; *Hamilton v. Boggess*, 63 Mo. 233. The verdict was against the evidence.

BLACK, J.—The plaintiff and the defendant, Schnedler, are owners of adjoining real estate, in the county of St. Charles, and this action of ejectment is the result of

a dispute as to the true location of the line between them. The suit was begun in the St. Charles circuit court, in 1880, and, on plaintiff's application, the venue was changed to the Warren circuit court. The judgment in favor of plaintiff was reversed in the court of appeals, and the plaintiff appealed.

Watson formerly owned the whole of the property, and, on the fifteenth of October, 1856, conveyed to Mc-Claren 107.12 acres. The description in this deed begins at the northeast corner of the northwest quarter of section 27, township 48, range 5, east, etc., and thence runs in a southwesterly direction, by a defined line, to a point 2.61 chains south of the south line of that quarter section, thence west, by a line parallel to the quarter section line, 22.78 chains "to the line of a tract of land sold by Samuel S. Watson and wife to Francis Hansell; thence north $3\frac{1}{2}$ degrees, east," to north line of said northwest quarter; thence east with the north line thereof to the beginning. Under a deed of trust given by Mc-Claren, the property was sold to Overall on the thirteenth of October, 1860, who conveyed the same premises to plaintiff on the seventh of November, 1860.

Watson, on the fifteenth of October, 1856, conveyed the other parcel, containing 54.11 acres, to Hansell. The description in this deed begins at the northwest corner of said section 27; thence south with the section line 43.35 chains; thence east by line parallel to quarter section line 11.39 chains, "to the line of a tract this day sold to Robert McClaren;" thence north three degrees and thirty minutes east, to north line of section 27; thence west along the north line of said section 13.57 chains to the beginning. On the nineteenth of January, 1860, Hansell conveyed this property to Wilke, with the exception that he reserved a few acres in the southwest corner, and, to make up this, the description on the west goes over into section 28, and takes in a strip of land fifty-three links wide on the north line, thus

making his north line 14.10 chains in length. On the sixteenth of August, 1875, Wilke conveyed the same land to the defendant, Schnedler. It will be seen that the plaintiff's land is on the east, and defendants' on the west, of the dividing line, and that both deeds from Watson were made on the same day, and each deed calls for the other in fixing the dividing line on the south. The northwest corner of the land conveyed by Watson to Hansell is the corner to sections 21, 22, 27, and 28, and, by the deed from Hansell to Wilke, the northwest corner is removed fifty-three links west of the section corner.

The petition alleges that the plaintiff is the owner of certain lands, describing them precisely as they are described in his deeds, and then states that the defendant entered, and unlawfully withholds from plaintiff, a strip, one chain and twenty-three links wide, off of and along the west side of the described lands. Wilke was made defendant on his own motion.

The evidence shows that, from 1857 to 1871, or 1872, the plaintiff and his predecessors, on the one hand, and the defendant's predecessors, on the other, held and cultivated up to what is called the line of the old rail fence. Portions of this fence were, from time to time, taken away and replaced on the same line. The fence was removed in 1871 or 1872, and, from that time to 1875, the plaintiff on the one side and Wilke on the other used the old fence row for a turning row for their teams in cultivating their respective lands. When Schnedler bought of Wilke, he had the land surveyed by Ertz, who drove stakes at the corners of the dividing line, and, some nine months thereafter, planted stones in the same places. There was a prior survey, made by Fielding for Wilke when he purchased from Hansell, and some of the evidence tends to show that these two surveys correspond, and that Fielding placed a stone at the northwest corner, fifty-three links west of the section corner,

but other evidence tends strongly to show that he placed no stone there; his plat shows none.   In 1877, the defendant built a new fence between him and plaintiff, on the line of the Ertz survey, and, at the commencement of this suit, was in the possession of all west of this fence.

. Pursuant to an order of the court made in this case, Mr. Gill, the county surveyor, surveyed and made a plat of these lands.   He says he surveyed both parcels of land by the calls in the respective deeds, and that, according to the calls in Keen's deeds, his land would lap over the Ertz rocks one chain and twenty-seven links on the south line, and fifty-three links on the north line; that, according to the calls in Schnedler's deeds, his line did not go to, but would be east of, the Ertz rocks, fifty-three links at the north, and sixty-six links at the south.

The evidence tends strongly to show that there is but one rock at the northwest corner of defendant's land, and that that is the section corner, for it is in line with the section corner rocks to the north, and that Ertz, in making his survey, started from this rock, and not from a point fifty-three links to the west.   This being so, it accounts for the difference between the Ertz and Gill surveys.   The latter is shown to have been carefully made.   The plaintiff introduced evidence tending to show that the new fence built by the defendant is, at the north end, four and one-half feet, and at the south end sixteen or seventeen feet, east of the old fence row. There is evidence, also, to the effect that the new fence is in the line of the old one.

1.  It is insisted that the St. Charles circuit court erred in awarding a change of venue to the Warren circuit court, on the application of the plaintiff, because the petition therefor did not state when knowledge of the alleged prejudice, etc., came to the applicant.   This ruling cannot be reviewed here, for, while it appears from

the bill of exceptions filed in the Warren circuit court at the close of the trial, that defendants excepted to the ruling of the St. Charles circuit court, still no bill of exceptions was filed in that court. The exception, to be of any avail to the defendants, should not only have been taken at the time the order was made, but it should have been preserved by a bill filed in the St. Charles circuit court, and at the term thereof when the order was made. *State v. Ware*, 69 Mo. 332. All exceptions taken during the trial of a cause will rest in the breast of the court until the motion for a new trial is overruled, though that be done at a subsequent term, and the exceptions may be preserved by a bill filed at the term when the motion is overruled. *Givens v. Van Studdiford*, 86 Mo. 149, and cases there cited. But the present is an entirely different question. The court to which the cause was sent could allow no exceptions taken in the other court.

2. Although the deed from Watson to McClaren had not been recorded, still it was properly admitted in evidence. The deed was good, as between the parties, and all persons, except such as had purchased for value and without notice thereof. *Cape Girardeau M. & P. Road Co. v. Renfroe*, 58 Mo. 265. But the deed from Watson to Hansell, and through which the defendants claim, calls for this deed, and that was sufficient notice; but as the case now stands, plaintiff claims no part of the land covered by the lap of the two deeds, and the question of notice is immaterial.

3. At the instance of the plaintiff, the court, in substance, instructed that if Wilke and defendant got over the boundary line, and took possession of any of the land described in the plaintiff's deed, then they should find for plaintiff, as to such part, unless defendants had shown adverse possession of such part, under the instructions given upon that subject. A number of instructions were given, at the instance of the defend-

ants, upon the subject of adverse possession, and it is to these the reference is made in the plaintiff's instructions. These instructions are fair and full, and no more could have been said upon the subject.

For the plaintiff, the court, in substance, instructed that possession up to what was erroneously supposed to be the true line, with no intention to claim beyond the true line, did not bind either party. This instruction is in entire accord with a long line of decisions in this state, cited by counsel in their briefs. But it is said there was no evidence to support this instruction. We do not see how the defendants can well take this position, for they asked, and had given, an instruction involving the same proposition, doubtless with a view of holding up to the new fence, if the jury should find the Ertz survey to be correct, and that defendant had moved the fence over on land previously occupied by plaintiff, and those under whom he claimed. But there was evidence to support the finding of the jury upon this issue, whichever way they should find, and we cannot disturb the finding, under such circumstances.

The first instruction, given at the instance of the plaintiff, told the jury that the case involved the determination of the true location of the boundary line between the two farms, and that Watson established and fixed the common boundary in the deeds to Hansell and McClaren, and that that was the true dividing line. The objection that this instruction took the case from the jury, as to adverse possession, cannot be sustained, for it has no application to that issue. It was erroneous, however, in view of the evidence that the two deeds lapped, and for that reason the deeds did not establish the common boundary. But the real question in the case was, whether defendants had acquired title to the disputed strip, not described in their deeds, by adverse possession, and this question was put to the jury on fair instructions, and it is clear that this first instruction had

no bearing on that issue. A new trial ought not to be awarded because it was given, for it worked no harm.

4. The verdict was a general finding for the plaintiff, with damages and monthly rents, and allowed a recovery for the whole strip sued for, and so the judgment was entered. Plaintiff remitted as to part of the lands and part of the damages in the circuit court, and this is assigned as error. He also offered to remit all damages, in the court of appeals. The jurors must have found that a strip of land lying to the west of the Ertz rocks, fifty-three links wide at the north, and sixty-six links at the south, was included in the plaintiff's deeds, and not in the defendants' deeds, and that defendants had not acquired the same by limitations. Beyond that the finding is excessive. It is the constant practice of trial courts, and of this court, to allow a *remittitur* where the judgment is excessive, and of this court, when that is done and there are no other errors, to affirm the judgment as to the residue. This may be done in ejectment suits, as well as where the judgment is for money. *Fine v. St. Louis Public Schools*, 39 Mo. 59 ; *Gibson v. Chouteau*, 50 Mo. 85. This being done as to all except the strip last indicated, defendants still have all the land described in their deeds, and that covered by the lap of the deeds, also. The deeds and plats before noted furnish ample facts upon which to make the correction.

The judgment of the court of appeals is reversed ; the *remittitur* offered in that court will be allowed here, and judgment for plaintiff entered for the strip above indicated, without damages or profits. The costs of the appeal to the court of appeals will be taxed to the plaintiff, and of the appeal to this court to the defendants. All concur.