Stearns v. The St. L. & S. F. Ry. Co.

STEARNS, *Plaintiff in Error*, v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY.

1. **Practice in Supreme Court:** CHANGE OF VENUE. To enable the Supreme Court to review the action of the trial court in awarding a change of venue, an appeal or writ of error must be prosecuted from the final judgment in the suit in which the order was made, and it must appear that an objection was made and exception saved at the time in the court awarding the change.

2. **Practice:** APPLICATION FOR CHANGE OF VENUE: BILL OF EXCEPTIONS. An application for a change of venue of a cause constitutes no part of the record, unless made so by a bill of exceptions.

3. ——— : ——— : COLLATERAL ATTACK. The circuit court, having jurisdiction of the subject-matter and the parties to a suit, has power to award a change of venue, and although the order for the change is made without any existing cause therefor, or upon an insufficient affidavit, or without any affidavit at all, still it is not a nullity, but only an irregularity, and available to the opposing party only by writ of error or appeal prosecuted from the final judgment in the cause in which the errors were made. Such irregularity cannot be taken advantage of by the opposing party in a collateral proceeding in the absence of fraud.

*Error to Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*Geo. P. B. Jackson* for plaintiff in error.

(1) The Newton circuit court alone having jurisdiction of the original suit mentioned in the petition, it could be transferred to the Greene circuit court only by virtue of, and in compliance with, section 3484 of Revised Statutes. The petition in this case negatives the existence of each of the grounds and of the doing of each thing necessary to a proper change of the venue

94   317
101   217
94   317
102   84
94   317
104   145
104   661
94   317
45a   261
94   317
108   629
94   317
112   395
50a   601
51a   507
53a   399
94   317
119   430
56a   452
94   317
61a   83
94   317
132   287
133   895
94   317
140   317
94   317
150   238
79a   686
80a   459
94   317
†152   254
94   317
82a   511
94   317
89a   234
94   317
165   279
94   317
169   ¹671

of that case; hence the Greene circuit court never acquired jurisdiction. *Bray v. Marshall*, 66 Mo. 122; *Fields v. Maloney*, 78 Mo. 172; *Snitjer v. Downing*, 80 Mo. 588. (2) The whole record of a cause taken together should show jurisdiction, and if it does not, then the judgment is a nullity. Cases last cited, and *Howard v. Thornton*, 50 Mo. 291; *Henderson v. Henderson*, 55 Mo. 534; *Brown v. Woody*, 64 Mo. 547. The allegations of the petition in the case at bar not only preclude the possibility of the record of the former case showing jurisdiction in the circuit court of Greene county, but affirmatively state the omission of essential jurisdictional matters. (3) When courts of general jurisdiction are engaged in the exercise of special and limited statutory powers, they and their records occupy the same position, and are subject to the same rules and tests as courts whose jurisdiction is special and limited, and the record must affirmatively show the existence of the jurisdictional facts. *Ells v. Railroad*, 51 Mo. 200; *Railroad v. Campbell*, 62 Mo. 585; *United States v. Reed*, 56 Mo. 565, 572; *St. Louis v. Gleason*, 89 Mo. 67; *Eaton v. St. Charles Co.*, 76 Mo. 492, and cases cited above. (4) Even if this plaintiff had appeared generally as defendant in the former case in the Greene circuit court, it could not have aided the jurisdiction of that court, for jurisdiction over the subject-matter cannot be conferred by consent of the parties, nor can the defect or want of it be waived by anything the parties may do. *Stone v. Corbett*, 20 Mo. 350; *Lindell v. Railroad*, 36 Mo. 543; *Dodson v. Scroggs*, 47 Mo. 285; *Cones v. Ward, Ib.* 289; *Brown v. Woody*, 64 Mo. 548; *Abernathy v. Moore*, 83 Mo. 65, and cases cited above. In this instance, however, the defendant only appeared in the Greene circuit court, for the express purpose of objecting to the jurisdiction. (5) Although the judgment complained of is void, equity will entertain the case and grant the relief asked. *Bank v. Evans*, 51 Mo. 335, 345;

*Vogler v. Montgomery,* 54 Mo. 577; *Harrington v. Ut-
terback,* 57 Mo. 519; *Earl v. Matheny,* 60 Ind. 202; 1
High on Inj. [2 Ed.] sec. 228; *Connell v. Stelson,* 33
Iowa, 147; *Bell v. Williams,* 1 Head, 229; *Caruthers v.
Hartsfield,* 3 Yerg. 366; *McNairy v. Eastland,* 10 Yerg.
310.

*John O'Day* and *E. D. Kenna* for defendant in
error.

(1) If the order changing the venue was errone-
ously made, plaintiff should have, at the time, objected
thereto in the court where it was entered. *Squires v.
Chillicothe,* 89 Mo. 232; *State v. Dodson,* 72 Mo. 284;
*State v. Hughs,* 61 Mo. 373; *Potter v. Adams,* 24 Mo.
162. (2) A court of equity will not enjoin a void judg-
ment. *Railroad v. Reynolds,* 89 Mo. 147; *Sayre v.
Thompkins,* 23 Mo. 443; *Deane v. Todd,* 22 Mo. 90;
*Bank v. Meredith,* 44 Mo. 500; *Marsh v. Bast,* 41 Mo.
493; *Reed v. Hansard,* 37 Mo. 199; *Davis v. Staples,*
45 Mo. 570; *Duncan v. Gibson,* 45 Mo. 352; *State v.
Rogers,* 36 Mo. 140; *Sauer v. Kansas City,* 69 Mo. 46;
*Yancy v. Fenwick,* 4 Hen. & M. 423; *Buntain v. Black-
burn,* 27 Ill. 406; *Andrews v. Fenter,* 1 Ark. 186; *Bent-
ley v. Dellard,* 6 Ark. 79; *Conway v. Ellison,* 14 Ark.
360; *Shelbina Hotel v. Parker,* 58 Mo. 328; High on
Inj., secs. 89, 118, 125, 173, 230; Story on Eq. Jur., secs.
887, 898.

BLACK, J.—This case is here on a writ of error sued
out by the plaintiff to review the action of the Greene
county circuit court in sustaining a demurrer to the
petition.

The petition discloses these facts—we must take
them as facts: On the fifth of December, 1877, the rail-
road company, the defendant in this suit, commenced
an action in the Newton county circuit court against

Frank B. Stearns, the plaintiff in this suit, to recover a large sum of money, and to foreclose his equity of redemption in some eight thousand acres of land and lots, all situated in that county. Stearns appeared and filed an answer, and the plaintiff moved to strike out a part thereof. Thereafter, and at the August term, 1878, the Newton circuit court made an order changing the venue of the cause to the Greene county circuit court. This order, it is alleged, "was made without, and not founded upon, or pretended to be founded upon, any disability or disqualification of the judge of said Newton circuit court, on account of his being interested in or related to either party, or by having been of counsel in said case, and without any application having been made therefor by either party to said cause, and without any consent of the parties in writing being filed in said Newton circuit court, as provided and required by law." The Greene circuit court, upon the filing of the transcript therein, took cognizance of the cause, and sustained the motion to strike out part of the answer. Stearns appeared in that court for the special purpose of making a motion to strike the cause from the docket for want of jurisdiction of that court. This motion being overruled, he made no further appearance, and thereafter the court rendered a judgment and decree in conformity to the prayer of the petition.

The plaintiff in this case states that the defendant is using that judgment and decree to annoy and harass him in jurisdictions beyond this state, and prays that the judgment and decree be decreed to be null and void, and for naught held, and for other and further relief. There is the further allegation in the present petition that the Greene county circuit court did not acquire any jurisdiction over the cause, or the subject-matter, or of the parties thereto. This averment was doubtless inserted for the purpose of indicating the pleader's conclusion of law from the facts stated, and can have no

other or further effect, for it is but the averment of a conclusion of law. There is no assertion that the order for the change of the venue of the cause was procured by fraud, and the question is whether that order made by the Newton county circuit court is void on the face of the proceedings, as they are pleaded in this petition.

It is by the statute made the duty of the judge to award a change of venue, without a petition therefor, when he is interested, related to either party, or has been of counsel in the cause. In other cases the order must be made on a verified petition therefor. If, however, this order is made upon a petition not verified, or otherwise defective, this order is not a nullity, it is but an irregularity. This has been the uniform ruling in such cases. *Potter v. Adams' Ex'rs*, 24 Mo. 161; *State v. Knight*, 61 Mo. 373; *State v. Dodson*, 72 Mo. 283. And even to enable this court to review the action of the circuit court on an appeal or writ of error prosecuted from the final judgment in the suit in which the order was made, it must appear that an objection was made and an exception saved at the time and in the court awarding the change of venue. *State v. Dodson, supra;* *Squires v. Chillicothe*, 89 Mo. 230; *Keen v. Schnedler*, 92 Mo. 524. And in the case of *State v. Ware*, 69 Mo. 332, it was distinctly ruled that the application for the change of venue of a cause constituted no part of the record, unless made so by a bill of exceptions.

The Newton county circuit court had full and complete jurisdiction of the subject-matter of that suit and of the parties thereto. It is a court of general jurisdiction, proceeding according to the course of the common law. It had power to award a change of the venue of the cause ; and the logical result of the authorities cited is, that the order had the effect to transfer the cause to the Greene circuit court. If made without any cause existing therefor, or upon an insufficient affidavit,

or on no affidavit at all, still the order is not a nullity. These are but errors and irregularities, available only to the opposing party by writ of error or appeal sued out from the final judgment in the cause in which the errors were made. They are of no avail whatever to the party against whom they were made in a collateral proceeding like this. It follows that the Greene county circuit court had jurisdiction of the suit and of the parties thereto, and the judgment is not void or voidable in a suit like this one, there being no charge of fraud.

We are cited to the cases of *Bray v. Marshall*, 66 Mo. 123, and *Snitjer v. Downing*, 80 Mo. 588. In these cases the record disclosed no order transferring the cause, and hence they are not in point here. We find nothing in the case of *Fields v. Maloney*, 78 Mo. 172, in conflict with what we have ruled in the present case. Besides this, all the judges now present concur in the dissenting opinion filed in that case.

The above conclusions render it unnecessary to consider the other questions discussed in the briefs, and the judgment is, therefore, affirmed. Ray, J., absent; the other judges concur.