101  213
111  531
101  213
54a  420
101  213
57a  211
101  213
89a  319

KLOTZ *et al.* v. PERTEET, *Appellant.*

1. **Practice in Civil Cases**: JURY TRIAL: CHANGE OF VENUE: MOTION FOR NEW TRIAL. The refusal of the trial court to submit issues of fact to a jury or to grant a change of venue will not be reviewed in the supreme court in the absence of a motion for a new trial.

2. ——— : BILL OF EXCEPTIONS. A bill of exceptions must be signed either by the judge or by the bystanders.

3. ——— : REFUSAL OF JURY: EXCEPTION. The refusal of a jury is a matter of exception, and unless the latter is saved the action of the court will not be reviewed.

4. ——— : CHANGE OF VENUE: EXCEPTION. The action of the court in overruling an application for a change of venue is likewise a matter of exception.

*Appeal from Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*C. D. Yancey* for appellant.

(1) The defendant was entitled to a jury to try the issues joined. Const. of U. S. Amendments; Const. of Mo.; R. S. 1879, secs. 3345, 3352, 3386. (2) The court should have sustained defendant's application for a change of venue. *Baily v. Kimbrough*, 37 Mo. 182. (3) The court had no authority as against an adverse possession and actual disseizin to direct a partition. *Lambert v. Blumenthal*, 26 Mo. 471; *Shaw v. Gregoire*, 41 Mo. 407; *Wommack v. Whitmore*, 58 Mo. 448; *Nave v. Todd*, 83 Mo. 607; *Dalby v. Sniffer*, 57 Mo. 294.

*Silver & Brown* for respondent.

(1) The trial court did not err in refusing a trial by a jury; the action not being one "for the recovery

of money only or of specific real or personal property." R. S. 1879, secs. 3600, 3601 ; *Bray v. Thatcher*, 28 Mo. 129 ; *Besshears v. Rowe*, 46 Mo. 501 ; *Hunter v. Whitehead*, 42 Mo. 524. The action of the trial court in refusing a jury is not properly made a matter of exception, and is, therefore, not open for review in this court. (2) The proposed bill of exceptions tendered by appellant, not having been signed by the judge, nor bystanders, cannot be regarded as a bill of exceptions. *State v. Greenwade*, 72 Mo. 298 ; *Garth v. Caldwell*, 72 Mo. 622 ; *Bowen v. Lazalere*, 46 Mo. 383. (3) The failure to allow a jury trial was a matter of exception, and, no exception being saved, the action of the court is not open for review. *Ward v. Quinlivin*, 65 Mo. 453. "Exception is matter which arises wholly from the action of the court in the progress of the trial." *Bateson v. Clark*, 37 Mo. 31 ; *Railroad v. Carlisle*, 94 Mo. 166 ; *Stearns v. Railroad*, 94 Mo. 317. The bill of exceptions actually signed by the judge and filed shows no exception to the action of the court in refusing a jury. Nor does the reference in it to the bill tendered by appellant help appellant ; if it had been incorporated in former bill it could not avail appellant. *Garth v. Caldwell*, 72 Mo. 622. (4) The trial court did not err in refusing to grant the change of venue: *First*. The application came too late, being made after the parties had announced ready for trial, and after the ruling of the court adverse to appellant on the question of a right to the jury. R. S. 1879, sec. 3731. *Second*. The action of a trial court in failing to grant a change of venue is a matter of exception. *Stearns v. Railroad*, 94 Mo. 317 ; *Keen v. Schnedler*, 92 Mo. 516. (5) The transcript does not show that any motion for a new trial was made ; this being so, the action of the court in refusing a jury and a change of venue cannot be reviewed. *Ward v. Quinlivin*, 65 Mo. 453. (6) The issues tried were within the province of a partition suit. *Greene v. Walker*, 99 Mo. 68.

Klotz v. Perteet.

RAY, C. J.—This is a suit in partition, petition in usual form, commenced originally in the circuit court of Reynolds county, but taken by change of venue, on the application of plaintiff, to the circuit court of Butler county. The case was tried by the court without a jury, and the issues found for plaintiff. The court found that the property could not be divided in kind, ordered a sale thereof and approved the report of sale, and entered a final judgment partitioning the proceeds among the parties in interest.

When the cause was regularly called for trial, the pleadings and issues being duly made up, the parties announced themselves ready for trial and defendant thereupon demanded a jury to try the issues, and after argument as to the right of defendant so to have a jury the court refused same, holding that the suit in partition was properly triable by the court and not by a jury. Objection was then made by counsel for defendant that the court ought not to. try the case, and remarks, not necessary to now set out, were made in this behalf by counsel and by the court, after which the court directed the plaintiff to call his testimony, and a witness was called and appeared on the stand to be sworn for the cause, when counsel for defendant, with leave of court, held a brief consultation with his client, and thereupon filed a petition and affidavit for change of venue upon the ground of the bias and prejudice of the judge, and that he had expressed an opinion in the cause.

The case was, it seems, set for trial on the first day of the term and was passed on that day because of the absence of both parties and their attorneys and was again passed on the second day at the request of the defendant's counsel, and the petition and affidavit for change of venue, as we have seen, was thus filed on the third day of the term, and was by the court then refused, whereupon the defendant abandoned the case,

and tendered his bill of exceptions, both as to the action of the court in refusing a jury and refusing the application for change of venue. The trial judge certified that the bill of exceptions presented to him was not a true bill and then certifies thereon what the proceedings were, setting them out, and further certifying that the court had never known defendant, who lived in a different county, not in his circuit, and that the affidavit was not true.

There is no bill of exceptions signed by the bystanders and the bill, as tendered by the defendant, was not signed by the judge, but, on the contrary, certified to be untrue, as previously stated, and was subsequently, on motion, stricken from the files.

The principle errors assigned, and the only ones insisted upon in the printed argument, are the said refusal to submit the issues of fact to a jury, and the refusal to grant the change of venue upon defendant's said application therefor. But these questions are not before us for several reasons. In the first place, the transcript nowhere shows, either in the bill of exceptions or elsewhere, that any motion for new trial was filed in the cause. We cannot, in the absence of a motion for new trial, consider the errors assigned, even if they are preserved in the bill of exceptions. *Railroad v. Carlisle*, 94 Mo. 166, and cases cited.

Again the alleged bill of exceptions tendered by defendant, not having been signed either by the judge or by the bystanders, is not a bill of exceptions within the meaning of the law. R. S. 1879, secs. 3635, 3638 and 3640, *et seq.* Moreover, the bill of exceptions signed by the judge and filed in the cause does not show any exception to the action of the court in refusing a jury. A ruling in that behalf is a matter of exception and if the exception is not properly saved, the ruling is not subject or open to review in this court. *Ward v. Quinlivin*, 65 Mo. 453.

And, further, the bill of exceptions which the judge signs does not contain the application for change of venue, nor any pretense at setting it out or its substance, nor does it show that defendant took any exception to the court's action in overruling the same. The only objection or exception which said bill shows was to the action of the court in permitting testimony to be given in the cause. The action of the court, upon the application for change of venue, is also a matter of exception. *Stearns v. Railroad*, 94 Mo. 317; *Keen v. Schnedler*, 92 Mo. 516.

In the present state of the record, in the absence of exceptions properly preserved, and in the absence of a motion for new trial, the errors of the court complained of, if they are such, are not before us for decision. Only the record proper is now before us, and as no errors are pointed out therein, and as we find none in that behalf, we must affirm the judgment, which is, accordingly, so ordered. *Railroad v. Carlisle*, 94 Mo. 166, and cases cited. All concur.