The State v. Gamble.

---

THE STATE v. GAMBLE, *Appellant*.

Division Two, January 31, 1894.

1. **Criminal Practice**: CHANGE OF VENUE: EXCEPTIONS. The action of the trial court, on the application of a change of venue, is a matter of exception, and such exception must be saved by proper bill, filed in the original court where the exception is taken.

2. ———: ———: WAIVER. A defendant on trial for a criminal offense may waive the objection that the venue was changed to the wrong county.

3. ———: ———: SEVERAL COUNTIES. A defendant may include more than one county in his application for a change of venue because of the prejudice of the inhabitants within his circuit.

4. **Criminal Law**: PERFECT AND IMPERFECT SELF-DEFENSE. The doctrine of perfect and imperfect self-defense announced in *State v. Partlow*, 90 Mo. 608, *approved*.

5. ———: FELONIOUS ASSAULT: SELF-DEFENSE. A defendant can not invoke the principle of self-defense where, after voluntarily beginning the fight, he made no effort to withdraw and showed no desire to desist.

6. ———: ———: INSTRUCTIONS: APPELLATE PRACTICE. Where in such case the defendant expressly requests the court not to charge on any lower grade of assault, no question as to the latter can arise on an appeal.

7. ———: ASSAULT: WORDS. Words and epithets alone, however grievous, will not justify an assault.

*Appeal from Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*A. H. Livingston* with *Alfred Harris* and *J. H. Tribble* for appellant.

(1) The circuit court of Howell county had no jurisdiction to try the cause, and, having no jurisdiction, the defendant could not waive it, and thereby give the said court jurisdiction. R. S. secs. 4152, 4154; *State v. Bulling*, 100 Mo. 87. (2) Instruction number 3, given by the court, was error. This instruction, without being qualified, is not the law of this case, and was prejudicial to appellant. (3) The one instruction asked by defendant is the law peculiarly applicable to this case, and should have been given. (4) The verdict of the jury is against the evidence and unsupported thereby, and is clearly the result of prejudice.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant, for the state.

(1) The defendant could not properly include more than one county in his application for change of venue; besides, defendant waived any objection to a trial in

the Howell circuit court, by not properly saving his exceptions at the time the venue was changed. (2) Instruction number 3, which declares that words and epithets alone will not justify an assault, correctly declares the law, was properly given, and was supported by the testimony of the prosecuting witness, and, also, of the defendant. Their testimony was that both parties had applied vile epithets to each other, hence it was proper for the court to declare that they would not justify an assault, and also to tell the jury that, if the defendant sought and brought on, or voluntarily entered into, the difficulty with Mitchell, he could not excuse himself on the plea of self-defense. *State v. Parker*, 106 Mo. 217. (3) The instruction asked by defendant was properly refused. The court had already given a series of instructions which embraced the same proposition as the one asked by defendant. (4) The testimony in this case clearly shows the guilt of defendant, beyond a reasonable doubt. It is amply sufficient to support the verdict, and the cause should not be reversed upon this ground.

GANTT, P. J.—At the February term, 1893, of the Oregon circuit court defendant was indicted for felonious assault upon one John H. Mitchell with a whiffletree and by shooting at said Mitchell with a revolver. At the same term defendant filed his affidavit and application for a change of venue on the ground of the prejudice of the inhabitants of Oregon, Howell, Shannon and Ozark counties; in other words, against all the counties in the twentieth judicial circuit, except Douglas. The court awarded the change of venue from Oregon, but ordered the cause removed to Howell county, one of the counties against which defendant had sworn in his application.

At the April term, 1893, defendant filed his appli-

cation in the Howell circuit court for a continuance, which was denied; whereupon the following proceedings were had: "The cause coming on to be heard, the court, in the presence of the defendant and his attorney, in open court, announced that if the defendant objected to trying the cause in Howell county he would remand the cause to Oregon county, or to some other county in the circuit, that the defendant had not included in his application, and defendant in person and by his attorney, announced that he would waive his objection to Howell county and proceed to trial." The defendant was at said term tried, convicted and his punishment assessed at two years' imprisonment in the penitentiary. After unsuccessful motions for new trial and in arrest, he appealed to this court.

I. Defendant assigns as error that the circuit court of Oregon county had no right to send the cause to Howell county, one of the counties against which he had sworn in his application for change of venue. Nothing is better settled in the practice of this state than that the action of the court upon an application for change of venue is a matter of exception. *State v. Ware,* 69 Mo. 332; *Stearns v. Railroad,* 94 Mo. 317; *Keen v. Schnedler,* 92 Mo. 516.

And it is equally well determined that not only is such an application no part of the record unless made so by a bill of exceptions, but such exceptions must be taken in the court where the application is made, and preserved in a bill of exceptions filed in that court and not in the court to which the cause is sent. *State v. Mann,* 83 Mo. 589; *Potter v. Adams' Ex'rs,* 24 Mo. 161; *State v. Knight,* 61 Mo. 373; *State v. Dodson,* 72 Mo. 283; *Squires v. Chillicothe,* 89 Mo. 230; *Keen v. Schnedler,* 92 Mo. 516.

While it is true that the bill of exceptions in this case contains the application for change of venue in

the Oregon circuit court, it only so appears through the bill filed in the circuit court of Howell county, no bill of exceptions having been filed in the circuit court of Oregon county. The circuit court of Howell county could not allow exceptions that had been taken in the circuit court of Oregon county. *Keen v. Schnedler, supra.* The cause stands then as if the point was made for the first time in the Howell circuit court, or here, and in either case, it is too late to avail. *State v. Mann,* 83 Mo. 589; *State v. Ware,* 69 Mo. 332.

Being a matter of exception, we have no doubt of the power of defendant to waive the exception, it being merely a statutory privilege. *State v. Keele,* 105 Mo. 39; *State v. Klinger,* 46 Mo. 224; *State v. Waters,* 62 Mo. 196; *State v. Gilmore,* 95 Mo, 554; *State v. Hope,* 100 Mo. 360.

If the exception had been properly saved and had not been subsequently waived, we think it would have been error to send the cause to one of the counties against which defendant had sworn. While a defendant can not interfere with the discretion of the court by swearing against counties outside of the circuit, as was held in *State v. Elkins,* 63 Mo. 159, and the more recent case of *State ex rel. Cottrell v. Wofford, Judge, ante,* p. 408, yet he is permitted by section 4154 to file affidavits against the whole circuit, and this includes the right to a change of venue on account of the prejudice of any part of the circuit and he has the right to designate the part, as the whole includes the part.

II. The giving of instruction number 3 on behalf of the state is assigned as error. It was in these words: "3. Words and epithets alone, however vile or grievous, will not justify an assault, and if you believe, from the evidence, that the defendant sought or brought on a difficulty with Mitchell, or voluntarily entered into a difficulty with Mitchell, then he could not excuse him-

self on the plea of self-defense."

At the same time the court gave this instruction: "Although you may believe that the defendant shot at Mitchell or struck him with a whiffletree, at the time and place charged, if you believe from the evidence that Mitchell first assaulted him or was about to assault him or that defendant had good reason to believe and did believe that said Mitchell was about to assault him with the intent to kill him or do him some great bodily harm, and that he shot at or struck Mitchell in the necessary, or supposed necessary, defense of his person, you should acquit him.

"If you believe that defendant had good reason to believe and did believe that Mitchell was about to assault him with the intent to kill him or to do him some great personal injury, and that such danger was immediate and impending, or about to occur, and that Gamble only acted in the necessary, or supposed necessary, defense of his person, you should acquit, although you may believe defendant had made threats against Mitchell."

At defendant's request no instruction was given on the lower grades of assault. *State v. Keele*, 105 Mo. 39.

The contention now is that these instructions are in conflict with the doctrine of *State v. Partlow*, 90 Mo. 608, and the more recent decision of this court in *State v. Cable*, 117 Mo. 380, but it must be apparent that this is a misapprehension of the principles decided in those cases.

It was held in those cases upon the authority of a long line of decisions in England, and in the several states of the union, that in cases where one brings on a quarrel and subsequently kills his adversary, the intent with which he brought it on, or entered into the difficulty, will determine the degree of his guilt and punishment. If he provoked the combat, or produced

the occasion in order to have a pretext for killing his adversary, or doing him great bodily harm, the killing will be murder in the first degree, no matter to what extremity he may have been reduced in the combat. If on the other hand, he had no felonious intent, intending merely an ordinary battery, and during the progress of the fight is compelled to take the life of his adversary in order to save his own, he is guilty of manslaughter; or if, having entered into a fight without felonious intent, he seeks in good faith to abandon it and withdraws as far as he can, and his adversary still pursues him, then if necessary to save his own life he slay his opponent, he will be justified. So that it is apparent the question under discussion in those cases was the right of perfect and imperfect self-defense.

To all that was said in both of those cases we still adhere without qualification; but in this case there are no facts tending to show that defendant after entering into the fight made any effort to withdraw or showed any desire to desist; on the contrary he followed Mitchell into his own field and disarmed him of the whiffletree and with it felled him to the ground.

Neither is there any question of reducing the grade of the offense from murder to manslaughter or from an assault with intent to kill with malice aforethought to an assault with intent to kill or a common assault, for defendant expressly requested the court not to instruct on the lower grades. The sole purpose of the instruction was to inform the jury in a case where the question at issue was, who was the aggressor, that mere opprobrious epithets, however vile, would not justify an assault and that if defendant sought and brought on the difficulty by any unlawful act of his or voluntarily entered into it, then he was not excusable on the ground of self-defense, and this is the law as applied to the facts of this case, on the testimony for the state.

VOL. 119—28

On the other hand, defendant was entitled to instructions on his own evidence, and the court gave him the benefit of very liberal instructions on the theory of self-defense. The case was very simple. The question to be decided was, who was the aggressor. If defendant was not, the jury were instructed to acquit on the ground of self-defense, but they were very properly told, that mere opprobrious epithets of the prosecuting witness would not justify defendant in assaulting him. As before said, there was no question of reducing the grade of the assault, growing out of the intent with which defendant went into the fight, or of his withdrawing therefrom after having once voluntarily entered into it. As applied to the facts of the case, the instructions were correct and defendant has no cause of complaint.

III. There was no error in refusing defendant's instruction for the reason that the court of its own motion instructed the jury that if defendant was not the aggressor they would acquit him, although the jury might believe *defendant had made threats against the prosecuting witness.*

There was ample evidence if credited by the jury to sustain the verdict, and we are not authorized to interfere on this ground. The judgment is affirmed. All concur.

