WILLIAM HUKE, Respondent, v. ST. LOUIS & KIRKWOOD RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 18, 1899.

Practice, Trial: BILL OF EXCEPTIONS: CHANGE OF VENUE. In the case at bar the objection and exception to the alleged irregularity in granting the change of venue should have been made, and saved by bill of exceptions in the court where the order was made; and the motion of appellant to remand should have shown that at the time of making the application for a change of venue the parties thereupon agreed upon a special judge or that they requested the election of a special judge.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

Jno. E. Bishop and Geo. L. Edwards for respondent.

Proposition I in brief of appellant is predicated upon a misconception of the theory upon which the court tried and submitted this case to the jury, and, as well, mistakes the theory of the plaintiff. Plaintiff did not rely upon a ratification of the act of Mr. Taussig or Mr. Houseman in employing him, by the directory of defendant. His theory was that these officers of defendant, or either of them, was by its custom and usage, authorized to employ plaintiff, and upon this theory the court tried and submitted the case to the jury. There is not now, and never has been, any question of ratification in this case. (See instructions prayed by plaintiff and given by the court numbers I and II, pages 78, 79 and 80 of Abstract of Record.) Proposition II in brief of appellant is based upon a false assumption of facts. The evidence does not disclose any specific agreement as to the compensation to which plaintiff was entitled. Appellant did not so view the evidence upon the trial below nor ask any instruction upon such theory, and, in this court, is bound by its conduct and views upon which it presented its case to the circuit court. In answer to proposition III, brief of appellant. This is not an action upon account, but as observed by counsel for appellant, page 1 of his statement, an action "to recover the reasonable value of services alleged to have been rendered to defendant, * * * and for divers sums of money expended." Besides, it was impossible for plaintiff to have attached to his petition an itemized statement of his expenses. The court committed no error in refusing to remand this cause to St. Louis county. But, if it had, the defendant by its several appearances herein and by participating in the trial below has waived the error and submitted itself to the jurisdiction of the court. Powers v. Browder, 13 Mo. 109; Taylor v. Railway, 68 Mo. 398; State ex rel. v. Rombauer, 140 Mo. 121; Collier v. Wilson, 56 Mo. App. 420; Speer v. Burlingame, 61 Mo. App. 75. Defendant by

moving for security for costs, admits the jurisdiction of the court over his person.    Healey v. Aultman & Co., 6 Neb. 349.    Then again if any error was committed in changing the venue of this cause from the circuit court of St. Louis county to the circuit court of the city of St. Louis, it was committed by the circuit court of St. Louis county, in which court defendant should have made its objections and saved its exceptions by proper bill of exceptions.    No errors committed by that court can now be urged as reasons for a reversal of this case.    Squires v. Chillicothe, 89 Mo. 232; Keen v. Schnedler, 92 Mo. 524; Stearns v. Railway, 94 Mo. 317; Gee v. Railway, 140 Mo. 317.

A. N. EDWARDS for appellant.

As plaintiff relied upon a ratification of his employment, and the court instructed the jury on the theory of ratification the court erred in excluding the evidence defendant offered to show that the acts done by its general manager, which were relied upon as a ratification were done in ignorance of the facts, and under circumstances justifying his belief that plaintiff did not look to defendant for payment, and the court erred in refusing the instructions asked by the defendant.    Holmes v. Board of Trade, 81 Mo. 137; Brown v. McCormick, 23 Mo. App. 181; Hyde v. Larkin, 35 Mo. App. 365; McDonald v. Railway, 32 Mo. App. 70.    Both the instructions asked by the defendant correctly state the law (Holmes v. Board of Trade, *supra;* Hyde v. Larkin, *supra*), and are applicable to the evidence and to the theory of plaintiff.    The verdict is excessive.    Plaintiff's recovery for reasonable value of services is limited to the amount fixed by the express contract to which he testified.    Plummer v. Trost, 81 Mo. 425.    The burden of proof is on plaintiff as to his net expenditures, and as he testified, they amounted to $200 or $300, "not less than $200," his recovery therefor is limited to the lesser amount. The court erred in admitting any evidence of the services

rendered by plaintiff and of the sums of money advanced by him, as no copy of the account was attached to or incorporated in the petition. Labadie v. Maguire, 6 Mo. App. 573; Hartford v. Boyes, 56 Mo. App. 139. The court erred in refusing to remand the cause to St. Louis county. The circuit court of the city of St. Louis did not acquire jurisdiction of the cause by change of venue, because no opportunity was given to the parties to agree upon a special judge. State ex rel. v. Bacon, 107 Mo. 627; Collier v. Wilson, 56 Mo. App. 420. It is the order of change of venue duly made which invests the court with jurisdiction of the cause upon change of venue. Until a proper order is legally made the court originally taking cognizance of the cause retains jurisdiction. Collier v. Wilson, *supra*. Defendant's objection to the jurisdiction was not waived by going to trial after first moving to remand the cause, and saving exceptions thereon. Stanley v. Railroad, 62 Mo. 508, and Berry v. Railroad, 64 Mo. 533 (U. S. Removal cases).

BIGGS, J.—The plaintiff alleges in his petition that he rendered services for defendant from the eighth day of April, 1895, to the first day of June, 1896; that in the performance of the work assigned to him he was compelled to spend his own money, and that the reasonable value of the services performed and money was $1,500, for which judgment was asked. The suit was originally brought in the circuit court of St. Louis county and G. A. Wurdeman and James D. Houseman were made defendants. Wurdeman was served with notice of the suit. Houseman could not be found. The action was returnable to the October term, 1896, of said circuit court. On the twelfth day of October and during the said October term the defendant company appeared to the action, filed its answer, and it applied for a change of venue on account of the prejudice of the judge of the court. The application was sustained and the venue of the cause was changed to the circuit court of the city of St. Louis.

Thereafter a full transcript of the proceedings was transmitted to the clerk of the circuit court of the city. Afterwards the plaintiff dismissed the suit as to Wurdeman and Houseman and proceeded to trial against the defendant company. The trial court resulted in a verdict and judgment for $1,250. The defendant has appealed.

In 1895 and 1896, the defendant was engaged in constructing an electric railroad from the western limits of the city to Meramec Highlands. J. D. Houseman was the general manager of the company and George W. Taussig was its secretary. It was denied at the trial that the plaintiff performed services in connection with the construction of the road during the time stated in the petition. The questions at issue were whether he had been employed by the board of directors of the defendant company, or by any of its officers having authority to bind the company, and if so the value of the services and the amount of money (if any) spent by him in performing the work. There was evidence tending to prove that the plaintiff was employed by Houseman and Taussig, and the authority of each to make such contracts was shown by the custom or course of business. The evidence for the defendant tended to prove that plaintiff was employed by Taussig, had been presented by Taussig to Houseman, and that Houseman had given the plaintiff instructions on various occasions as to his duties in connection with the business of the company. Under this condition of the proof the defendant offered to prove by Houseman that at and before the time plaintiff began to work for the company its business was conducted by its officers and promoters under a voluntary agreement that each one was to do whatever he could in furtherance of the enterprise without expense to it, and that when Taussig sent the plaintiff to Houseman for instructions the latter supposed that he represented Mr. Taussig, and that he had no reason to believe that plaintiff was looking to the company for compensation. As counsel for appellant admitted that plaintiff knew nothing of this

private agreement between the officers of the company, the proffered evidence was rightly excluded. The appellant seeks to justify its admission as tending to disprove a ratification of plaintiff's employment by defendant through Houseman its general manager. The answer to this is that there is no question of ratification in the evidence and the instructions present no such theory. The plaintiff relied on a positive contract of employment entered into by him with Taussig and Houseman, and that both officers had authority to make the contract. All of his testimony was directed to the proof of these two propositions. This also answers all the objections urged by appellant against the action of the court in giving, refusing and modifying instruction.

At the commencement of the trial counsel for appellant objected to the introduction of any evidence because no bill of items was attached to the petition (R. S. 1889, sec. 2075). This objection was properly disregarded, as clearly no itemized statement as to the services was required. If the objection had been confined to proof of the sums of money alleged to have been spent and which were sought to be recovered back, the action of the court would be debatable. As the objection was general and applied equally to proof of the alleged services, it was properly overruled.

The assignment that the judgment is excessive must likewise be overruled. There was evidence tending to prove that plaintiff worked thirteen months; that his services were worth $75 per month, and that he had spent $300 in money. Hence the judgment which was for $1,250, is within the evidence.

The bill of exceptions shows that the appellant prior to the commencement of the trial filed a motion to remand the cause to the circuit court of St. Louis county for the reason that in granting the change of venue the judge of that court did not give the parties an opportunity to select a special judge. The appellant offered evidence in support of

the motion. The circuit court rejected the evidence and over-ruled the motion.    To have availed the appellant anything the objection and exception to the alleged irregularity in granting the change of venue should have been made and saved by bill of exceptions in the court where PRACTICE, trial.    the order was made. This question of practice is settled by several decisions.    State. v. Ware, 69 Mo. 332; Squires v. Chillicothe, 89 Mo. 232; Keen v. Schnedler, 92 Mo. 524; Stearns v. Railway, 94 Mo. 317; Gee v. Railway, 140 Mo. 317.    Another objection is that neither the motion to remand, nor the offer of proof, met the require-ments of the statute.    The law governing changes of venue in civil causes as amended in 1895 (Session Acts 1895, p. 93), provides, "that where the application is founded on the inter-est, prejudice or other objections to the judge, a change of venue shall not be awarded to another county if the parties shall thereupon agree upon a special judge, or if both parties request the election of a special judge."    It will be observed that the motion did not state and the appellant did not offer to prove that at the time of making the application for change of venue the parties thereupon agreed upon a special judge, nor that they requested the election of a special judge.    Our conclusion is that the circuit court did right in overruling the motion to remand the cause.

Finding no error in the record the judgment of the circuit court will be affirmed.    All concur.