OWEN MURRAY, Defendant in Error, *v.* EDWIN BOYNE, Plaintiff in Error.

*Criminal Law — Assault — Words of Provocation.* — Mere words, no matter how abusive they may be, cannot justify an assault.

### Error to Second District Court.

This case originated in the Jefferson Circuit Court. Upon the trial, the following instructions asked by defendant were refused by the court:

1. The court instructs the jury that if they believe from the evidence that plaintiff, by any misconduct on his part, willfully

brought on the fuss and went into the fight voluntarily, then he must take the consequence of his own misconduct.

2. If the jury believe from the evidence that plaintiff desired a fight, and resorted to abusive language toward Boyne in order to get him to assault plaintiff, then plaintiff should be held the aggressor.

3. That raising the fist in a threatening manner within striking distance is an assault; and if the jury believe from the evidence that plaintiff did so assault the defendant, then defendant had a right to repel force by force to prevent a reasonably apprehended danger; and that if defendant used no more force than was necessary to get rid of his antagonist, then they should find for defendant.

*J. L. Thomas*, for plaintiff in error.

*Abner Green*, for defendant in error.

FAGG, Judge, delivered the opinion of the court.

This was a simple action for damages resulting from assault and battery. The statement of the cause of action is made up of the facts out of which the whole amount of damages sustained by the plaintiff is alleged to have arisen. We find nothing objectionable in the petition either as to form or substance. The only remaining question is as to the declarations of law given and refused by the court.

The facts in the case are few and simple, and the instructions given by the court sufficiently apprised the jury of the proper issue presented by the pleadings, as well as what might be taken into consideration in estimating the damages. As to the first two instructions asked by the defendant and refused by the court, they were clearly improper upon the facts proved, and did not contain correct propositions of law. Mere words, no matter how abusive they may be, cannot justify an assault. The only statement in the whole case that could be relied upon as sufficient to sustain the third instruction was made by the defendant himself. It is that when he (defendant) struck plaintiff, the latter was raising his hand to strike him. This statement was wholly unsupported by

the other witnesses in the cause, including those who testified on the part of the defense. It really amounted to nothing more than that, according to his recollection of the facts, both parties were in the act of striking about the same time. It was hardly sufficient to authorize an instruction as to what the law of the case was, in the event that the jury should find that plaintiff made the first assault. However, it seems that in the instructions given by the court upon its own motion, the defendant got the full benefit of such a declaration.

The whole case presents one of those familiar occurrences where there is no difficulty about applying the principles of law that govern them, and there is no reason for disturbing the verdict of the jury. The judgment of the District Court, affirming the judgment of the Jefferson Circuit Court, is therefore affirmed. The other judges concur.