State v. Kaiser.

---

STATE OF MISSOURI, Respondent, v. LEONARD KAISER and ALBERT KAISER, Appellants.

**St. Louis Court of Appeals, February 7, 1899.**

**Practice, Trial:** VERDICT OF JURY. When the finding of the jury is warranted by the evidence, it will not be disturbed. The instructions given by the trial court are examined and approved.

*Appeal from the St. Louis City Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

F. A. HEIDORN and JOHN R. WARFIELD for respondent.

The fourth instruction, of which alone appellants complain, is as follows: "Bad words, hard names and approbrious epithets constitute no cause or justification for an assault,

but they may be considered as mitigating circumstances.    If you find and believe, however, that Samuel M. Teeter entered upon the premises of the defendants and took or stole some péaches, and that he was thereupon ordered by the defendants to leave the said premises, but refused to do so, and that the defendants or either of them thereupon struck him, but used no more force than was necessary to put the said Teeter off of said premises, then you will find the defendants not guilty.    On the other hand, if you find that the defendants, or either of them used more force than necessary to put him off of said premises, then you shall find the defendants, or such defendant, guilty."    This instruction is as favorable to the defendants as the testimony could in any manner warrant,    and is a proper declaration of the law.    Murry v. Boyne, 42 Mo. 472 ; State v. Griffin, 87 Mo. 608 ; State v. Gamble, 119 Mo. 427 ; Kelley's Crim. Law and Prac. [2 Ed.], sec. 586, and cases cited.

ZACH J. MITCHELL for appellant.

First.    That there was not sufficient evidence to support the verdict.    Second.    Error in the instructions of the court.

BIGGS, J.—The defendants, Leonard and Albert Kaiser, are charged with a joint assault on one Samuel M. Teeters. They were convicted before the justice and in the circuit court.    They have appealed to this court and they urge that the evidence does not warrant their conviction and that the fourth instruction given by the court is erroneous.

The first contention is clearly untenable.    Teeters testified that he was passing through an orchard belonging to the defendants; that they ordered him to leave the premises; that he proceeded to do so, but was chased and overtaken by them; that thereupon they both assaulted him; and Albert knocked him down with his fist, and that Leonard struck him on the head with a club.    Albert admitted the assault but justified on the ground that Teeters was a trespasser, and

was taking peaches from the trees. Leonard admitted that he was present when Albert knocked Teeters down, and that he had a club in his hand, but he denied participating in the assault, and Albert corroborates his testimony as to the latter statement. Albert testified that he only struck Teeters with his fist. The undisputed evidence is that. Teeters received a severe scalp wound, which could not have been produced by a stroke of the fist. This physical fact strongly corroborates the testimony of Teeters that Leonard struck him with the club. Under this testimony the jurors were unquestionably warranted in finding that both of the defendants engaged in the assault.

The defense was, and the evidence of defendants tended to show it, that Teeters came upon the premises without permission; that when the defendants ordered him to leave he applied to them opprobrious epithets and that they only used such force as was necessary to eject him from their premises. Under this evidence the court instructed the jury as follows: "Bad words, hard names and opprobrious epithets constitute no cause or justification for an assault, but they may be considered as mitigating circumstances. If you find and believe, however, that Samuel M. Teeter entered upon the premises of the defendants and took or stole some peaches, and that he was thereupon ordered by the defendants to leave the said premises, but refused to do so, and that the defendants or either of them thereupon struck him, but used no more force than was necessary to put the said Teeter off of said premises, then you will find the defendants not guilty. On the other hand, if you find that the defendants, or either of them, used more force than necessary to put him off of said premises, then you shall find the defendants, or such defendant, guilty." This instruction properly declared the law. Murry v. Boyne, 42 Mo. 472; State v. Griffin, 87 Mo. 608; State v. Gamble, 119 Mo. 427. The judgment of the circuit court will be affirmed. All concur.