# William Brown *vs.* Robert Gilmor's Exc'rs, and others.

The act of 1853, ch. 123, is a legitimate exercise by the legislature of the power conferred by the 23rd section of the 4th article of the constitution, in reference to the removal to the counties of the cases in the Court of Chancery.

The ratification of a chancery sale is *final* and *conclusive* unless irregularly made by the court, or unless the purchaser was prevented by misrepresentation, surprise or fraud, resulting from some act or conduct of the trustee or interested parties, from making his objections in due time.

The passage of an order of ratification *nisi* is not originating *new business*, but the mere continuation of an old proceeding, and it is no objection to such an order that it fixed a day for the final ratification *after* the Court of Chancery would cease to exist.

The jurisdiction of the Court of Chancery to pass such orders in pending cases was never suspended until the court itself expired, and then its jurisdiction passed to and continued in the court to which the case was removed, as if no removal had taken place.

From the passage of the order *nisi* to that of removal, the proper place to file objections to the sale was in the Court of Chancery, and *after* the removal they should be filed in the court to which the case is removed.

The order for removal transfers the jurisdiction, and from that moment the case, in legal contemplation, is in the court to which it is removed, whether the *papers* have actually been transmitted from one court to the other or not.

After the order for removal was passed the register in chancery had no power to receive any paper to be filed in the case.

An order *nisi* was passed by the chancellor, and the case was then removed to the Superior Court of Baltimore city, which passed the final order of ratification. Held, that this is final and conclusive in the absence of misrepresentation, surprise or fraud, on the part of the trustee or other interested parties.

Appeal from the Equity Side of the Superior Court of Baltimore city.

'The appellant was the purchaser at trustee's sale of a tract of land, and took this appeal from an order of the court below, (FRICK, J.,) dismissing his petition and refusing to open the final order of ratification of sale. The facts of the case are sufficiently stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*Neilson Poe* for the appellant, argued, that the passing of the order of ratification was, under the circumstances, a *surprise* upon the appellant, and that he was not concluded by it. The chancellor had no right to set the case down *for hearing* at a day after that on which, by the organic law of the State, his office expired. Under the provisions of the constitution the Court of Chancery ceased to exist on the 10th of March 1854, and yet the chancellor fixed the day for the final ratification of this sale on the *6th of April* 1854, nearly one month after his office expired. The order of *removal* does not help the case, because the party asking it never took any proceeding under it, and though passed on the 8th of March 1854, the papers were not removed to the Superior Court of Baltimore city until the 12th of April 1854, only four days before the final order of ratification was passed. Where then was the appellant to file his objections? The Court of Chancery existed but little more than one month after the order of ratification *nisi* was passed. After that time he could not file his exceptions in the Court of Chancery. He could not file them in the Superior Court before the 8th of April, because the papers were not until that day transmitted to that court. The whole time therefore between the 10th of March and the 8th of April was lost to the appellant, for the purpose of filing his exceptions, and yet the law and the language of the order contemplates, that he should have *all the time* between the order *nisi* and the final ratification within which to show cause against the sale. Of this the appellant here was deprived without fault or laches on his part, and we therefore insist that the ratification was a *surprise* upon him.

*John Spear Nicholas* and *Jonathan Meredith* for the appellees, argued, that the appellant has no just cause to complain of surprise in the passing of the order of ratification. The general rule is, that a *ratified sale* is conclusive upon the purchaser unless irregularly ratified by the court, or unless the purchaser was prevented by misrepresentation, surprise or fraud, resulting from some act or conduct on the part of the trustee, or those interested in the proceedings, from making his objections in due time. The only one of these grounds relied on here is that of *surprise* under the circumstances of the passage of the order of ratification. The chancellor had the right to pass the order *nisi* limiting the time for the final ratification. It was not *new business,* but a regular and necessary proceeding in a pending case. The constitution and the act of 1853, ch. 123, had provided for the removal of the chancery papers. The order of removal in this case was passed in strict conformity with this law, and *immediately* after its passage the Superior Court had jurisdiction of the case. There was no cessation or suspension of jurisdiction, but it was *continuing* for the entire period intervening between the order *nisi* and the final order of ratification. From the date of the order *nisi* to that of removal he could file his objections in the Chancery Court, and *after* the order of removal he could file them in the Superior Court, whether the papers were actually removed to that court or not, yet during all this time, and though he had full notice of all the proceedings, he yet takes no steps to file the objections he now sets up. We insist, therefore, that the final order of ratification is *conclusive* upon this party and ought not to be opened.

(The argument upon the merits of the objections made by the petition, and attempted to be sustained by proof, is omitted, as the case was decided *solely* upon the ground argued above.)

MASON, J., delivered the opinion of this court.

On the 28th of October 1853, Jonathan Meredith and John Spear Nichols, Esq'rs., trustees, under a decree of the High Court of Chancery, in the case of *Gilmor's Executors vs. Brien's Executors, & others,* offered at public sale on the

premises, in Washington county, amongst other property, a tract of land described in the advertisement thereof, "designated on the plat as 'the Summer-House Farm,' *containing about six hundred and eighteen acres,* and improved by a dwelling house and other buildings." William Brown, the present appellant, became the purchaser thereof, at $10 per acre.

The sale, with others made at the same time, was reported to the Hight Court of Chancery, and on the 6th of February 1854, that court passed the usual provisional order for the ratification of the sale, unless cause should be shown to the contrary, *on or before the 6th day of April* 1854.

On the 8th of March 1854, an order was passed by the chancellor, on the application of the present appellees, for the removal of the cause from the High Court of Chancery to the Superior Court for the city of Baltimore; and it is agreed between the counsel in this cause, although the record does not disclose the fact, that the papers in the said cause were not transmitted to the Superior Court until the 8th of April 1854, when the cause was first docketed in that court.

On the 12th day of April 1854, *four days after the actual transmission of the papers in the cause,* the sale to Brown was finally ratified by the Superior Court.

On the 12th of May 1854, the appellant filed his petition in the Superior Court, setting forth a number of reasons why the sale should be set aside and himself released from the obligation of complying therewith, and concludes with the prayer, *that the final order of ratification might be opened,* that the trustees answer the petition, &c. The petition further alleges, and it is not denied, that on the day *after* the order for the removal of the cause was passed, and while the papers were still in the chancery court, the appellant applied to the register to receive objections to the ratification of the sale, but the register *refused to receive or file his petition.*

The trustees answered the petition, and proof was taken in support of its allegations. Upon final hearing the court below dismissed the petition, from which decree this appeal was taken.

Under the 4th art. and 23rd sec. of the constitution, the

Court of Chancery ceased to exist on the 10th day of March 1854. The same section provides, "that no new business shall originate in said court after the ratification of the constitution," which was on the first Wednesday of June 1851; and that the legislature should provide for the removal of undisposed of cases to the counties and city of Baltimore, "in such manner and under such regulations as may be deemed necessary and proper."

In pursuance of this last provision, the legislature passed the act of 1853, ch. 123. It was conceded by the counsel upon both sides, that the order of the chancellor of the 8th of March, providing for the removal of the cause to the Superior Court, was in strict compliance with the act of Assembly; and this court is of opinion, that the act itself was a legitimate exercise by the legislature of the power conferred by the constitution.

The case thus made presents two questions for this court to determine: the first is, whether the ratification of the sale was final and conclusive, in view of the circumstances under which it was made? and if not, then secondly, whether the appellant has made such a case upon his petition and proof as to entitle him to the relief prayed?

Public policy and justice to parties interested require, that the ratification of judicial sales by courts having jurisdiction over the same should be final and conclusive, unless irregularly made by the court, or unless the purchaser was prevented by misrepresentation, surprise or fraud, from making his objection to the ratification in due time; and it must further appear, that such misrepresentation, surprise or fraud, resulted from some act or conduct upon the part of the trustees, or on the part of those interested in the proceedings.

The conclusiveness of this order of ratification is first assailed, upon the ground, that the conditional or provisional order, passed on the 6th of February, was irregular, because it fixed a period for the final ratification, (viz., 6th of April,) beyond that at which, under the constitution, the existence of the Court of Chancery was to terminate.

This objection is not tenable. The passage of this order was not *originating new business*, but the mere continuation

of an old proceeding. The jurisdiction of the Court of Chancery to pass such orders in pending cases was never suspended until the expiration of the existence of the court, and then its jurisdiction passed to, and continued in, the court to which the case was removed, as if no removal had taken place. Therefore, from the time of the passage of the order of ratification *nisi* until the order passed for the removal of the cause. to the Superior Court, the proper place for filing objections to the sale would have been in the chancery court: after that time, the objections should have been filed in the Superior Court, which court received the case, and all its pending or unexecuted orders, in the same condition in which they were when the removal was ordered. For the purpose of giving the Superior Court complete control over the case, it was not necessary that the papers should have been actually transmitted from the one court to the other. The *order* for the removal transferred the jurisdiction, and from that moment, in legal contemplation, the case was in the Superior Court. If this were not the true view of the subject, the proceedings might be suspended for an indefinite time between the two courts, a condition of things never contemplated by the constitution and laws. Besides, it is to be remembered, that the papers were actually in the Superior Court *four days* before the final ratification was made.

Nor had the register in chancery, after the order for removing the case had passed, any power to receive any paper to be filed in the cause, and therefore he was right in refusing to receive or file the appellant's petition.

Unless, therefore, there was some other cause which prevented the purchaser from making his objections to the ratification of the sale within the time limited by the order *nisi*, such as misrepresentation, surprise, or fraud, on the part of the trustees or other parties interested, the ratification by the Superior Court of Baltimore must be regarded as final and conclusive. No such cause or reason has been urged, nor can we discover any ground for any such allegation.

The view thus expressed dispenses with the necessity of considering the second question, namely, whether the appel-

lant has made such a case, by his petition and proof, as calls for the interposition of this court. However meritorious his grounds of objection to the sale may be, having suffered the time fixed by the court to elapse within which those objections were to be presented, he cannot now open a proceeding which, by his own laches, has been suffered to ripen into a final and conclusive decree.

*Decree affirmed, with costs.*