## THE STATE v. TAYLOR, *Appellant.*

### Division Two, February 4, 1896.

1. **Appellate Practice**: CONFLICTING EVIDENCE: VERDICT. Findings of fact upon conflicting evidence will not be disturbed on appeal.

2. **Criminal Law**: PRACTICE: CHANGE OF VENUE: SECOND CHANGE. The court to which a change of venue has been awarded may, upon good cause shown, grant a second change, or, upon stipulation, retransfer the cause to the county whence it came.

3. ———: ———: ———: PRESUMPTION. Every presumption should be indulged in favor of an order granting a change of venue.

4. ———: ———: ———: APPEAL: EXCEPTIONS. A defective application for a change of venue is a mere irregularity and will not render the order making the change void; and to be taken advantage of on appeal, objection must be made at the time the order is allowed and must be preserved by proper bill of exceptions.

5. ———: ———: ———: STIPULATION: WAIVER. A defendant in a criminal case will be bound by his stipulation in regard to a change of venue and may waive any error in the application or in the order granting the change.

*Appeal from Dallas Circuit Court.*—Hon. ARGUS Cox, Judge.

AFFIRMED.

State v. Taylor.

*James T. Moore* and *James Ramsey* for appellant.

(1) The circuit court of Dallas county had no jurisdiction to try the case; a legal and formal application had been made by defendant and a change of venue had been granted to the Hickory circuit court; no written application or affidavit was made as to any cause of change of venue at Hickory county, and change of venue was granted from Hickory circuit court upon agreement in open court and no compliance with statutory requirements. (2) The verdict is against the evidence, which shows that defendant acted in good faith and believed the hogs were his, and the court erred in admitting and excluding evidence. (3) The court at Hickory county was held in a schoolhouse, and there is no proper evidence that the county court had ever, by proper order, directed circuit court held in such schoolhouse. (4) Instruction number 6, under the evidence as to ownership in the case, was misleading and prejudicial; it required the jury to find, not only that the defendant took the hogs honestly, believing them his, but that he took the hogs under a fair claim of right.

*R. F. Walker*, attorney general, for the state.

The indictment is in the usual form and properly charges grand larceny. No objections were made or exceptions saved at the time to the improper admission or exclusion of evidence, and defendant will not be heard to complain in this regard. The instructions are in the usual form, and are not subject to objection. The first is the usual instruction, defining the crime and prescribing the punishment. The second defines a reasonable doubt. The third is as to the credibility of witnesses, and the weight to be given their testimony.

The fourth defines the manner in which a witness may be impeached.   The fifth is as to defendant's testimony and the weight to be attached to it.   The sixth, that defendant is not guilty if he took the hogs, believing them to be his own.   Upon a careful review of the transcript in this case, it discloses no reversible error, and the judgment should therefore be affirmed.

GANTT, P. J.—The defendant was indicted at the October term, 1893, of the Dallas circuit court for steal- ing nine hogs of the value of $36, the property of Marion Bryant.   He obtained continuances of the case from time to time and from term to term until the October term, 1894, at which time he procured a change of venue to Hickory county on account of the prejudice of the people of Dallas county against him.   The cause was then duly certified to Hickory county and the wit- nesses and the defendant recognized to appear at the November term of the Hickory county court.   At the November term, 1894, of the Hickory county court defendant, apparently convinced that the prejudice in Dallas had subsided, or that he had been mistaken, entered into an agreement with the prosecuting attorney whereby the case should be remanded to Dallas county and it was so ordered.   At the April term, 1895, the defendant was finally put on trial and convicted and sentenced to the penitentiary, from which judgment he has appealed.

The indictment is in due form.

I.   The defendant was duly arraigned and after a patient reading of the whole transcript we can find no error whatever in the admission or rejection of evi- dence.   Indeed the issue was so simple it afforded no field for exceptions or errors.

The prosecuting witness found the hogs in the possession of defendant and charged him with putting

State v. Taylor.

them up when he knew they were not his property. Hot words ensued and a day set to arbitrate, but on that day the defendant appeared at the hog pen with a double barrel shot gun, with both hammers cocked. Under these circumstances the effort to arbitrate failed and the prosecuting witness took the hogs by replevin. This suit was compromised by defendant making no defense.

The defenses were, *first*, that the hogs belonged to defendant; *second*, that if they did not he had taken them under an honest and *bona fide* claim of ownership. The evidence was directed to the proof of ownership.

It appeared that defendant was or had been the owner of a sow affectionately called by his family "old Bets," and his testimony was directed to an effort to establish that the sow in controversy was "old Bets," and on the part of the state to show that the sow and pigs were the property of prosecuting witness and that she was easily distinguished from "old Bets" and that defendant knowing his own sow so well was not honest in his claim that this sow was "old Bets."

The court seems to have been very patient and heard all the evidence that was offered and after the usual instructions defining the offense, reasonable doubt, and the rule governing as to the credibility of the witnesses it gave the following for defendant:

"Although you may believe from the evidence that defendant took the hogs described in the indictment and that said hogs were the property of Marion Bryant, yet if you shall also believe from the evidence that defendant took the hogs under a fair claim of right and in the honest belief that they were his hogs you should acquit him."

This instruction with the others constituted all the

law that was material to the issue on trial.   The jury found against defendant.

In the trial of an issue as to the identity of stock the triers of the fact who see and observe the character and manner of the witnesses have a peculiar advantage over the appellate court in weighing the credibility of the witnesses, and it is their province to determine such issues.

. II.   Counsel for defendant urges as a ground for reversal that the circuit court of Dallas county acquired no jurisdiction to try the case because no formal written application or affidavit was made in the Hickory circuit court for a change of venue, but the order was made in pursuance of an agreement made by the prisoner and his counsel with the prosecuting attorney in open court.   No exception was taken to the action of the court in making the order changing the venue back to Dallas county, for the very simple reason that defendant had agreed to it.   That the circuit court of Hickory county was fully possessed of the cause there can be no doubt; that it was entirely competent for it to grant a change of venue for good cause shown is equally clear.   Such an order was plainly within its jurisdiction, and gave the court to which it sent the cause full jurisdiction to try it.   Every presumption, then, must be indulged in its favor.   It has been held in many cases in this court that a defective application for a change of venue is a mere irregularity and will not render the order making the change void; and being a mere irregularity the defendant must make his objection at the time the order is made and preserve it by a bill of exceptions, if he desires to urge it in this court.   *State v. Knight*, 61 Mo. 373; *State v. Ware*, 69 Mo. 332.   And in this respect the rule of practice is the same whether the case be civil or criminal. Section 4221, R. S. Mo. 1889; *State v. Ware*, 69

Mo. 332; *Stearns v. Railroad*, 94 Mo. 317; *Keen v. Schnedler*, 92 Mo. 516.    Being a matter of exception we have no doubt of his right to waive it, and having waived it he is as much bound by his stipulation in regard to the change as if it had been a civil case. *State v. Keele*, 105 Mo. 39; *State v. Klinger*, 46 Mo. 224; *State v. Hope*, 100 Mo. 360; *State v. Gamble*, 119 Mo. 427.

The right to a change of venue being a privilege accorded to the defendant alone and not to the state, no valid reason appears to us why he may not stipulate for such a change or waive it if he sees fit.    It involves in no sense a waiver of any constitutional right.    But in this case the defendant was not waiving any right.    He was simply obtaining a privilege by a more speedy route than that accorded him by the statute.    The waiver was by the prosecuting attorney of the petition and supporting affidavits.    A defendant in a criminal case in a matter in which his constitutional rights are not invaded, can no more be allowed to deal unfairly with the court and the state than a party in a civil case. Having made his election and the court having awarded him a change of venue at his own request, he can not now complain of the privilege granted him. *People ex rel. v. Scates*, 3 Scam. (Ill.) 351; *State v. Potter*, 16 Kan. 80; *Paris v. State*, 36 Ala. 232.    By the action of the Hickory county circuit court the venue was retransferred to the county in which the offense was committed and the indictment was found and the trial was had there without any objection by defendant, nor was this point raised by motion for new trial or in arrest.

Accordingly, we hold there is no error of which defendant can complain and the judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.