GRATZ et al., Appellants, v. HIGHLAND SCENIC RAILROAD COMPANY.

Division One, November 19, 1901.

1. Forfeiture: CONTRACT: CONDITION SUBSEQUENT OR COVENANT. Where the terms of a contract are left open to construction, and the question is, do they amount to a condition subsequent or to a covenant, the inclination should be to hold them to constitute a covenant.    And if the terms used can reasonably be construed to mean a covenant, the law will not presume that a forfeiture was intended.    The intent to create a condition under which an estate granted may be forfeited must be clear, and a contrary intention may be gathered from the whole instrument, and may be so manifest that expression thereof is useless.

2. ——: ——: ——: EJECTMENT.    The contract between landowners and a street railway provided that "for and in consideration of one dollar ...... the parties of the first part hereby sell and transfer to the party of the second part, subject, however, to the faithful performance of the terms of this agreement, the right to build, maintain and operate a railway over and through a certain tract of land......; said right of way to be so used as not to interfere with the remaining rights of the first parties to use the property whether as a street or for other purposes.    No trees are to be cut on said right of way unless said trees interfere with the construction or operation of said road.    Natural drains to be preserved by ample culverts.......    Proper cattle guards to be constructed by second party at each entrance to property.    Proper level and planked crossings to be constructed by second party at points to be designated by first party.......    The party of second part agrees, that in case a street should be dedicated including the right of way, they will operate and maintain this section of their railroad in a way provided by ordinance ......, upon condition, however, that the

grantee herein shall construct and maintain a single or double track of railroad to be operated by electricity for motive power......, and upon the failure or abandonment of said enterprise ...... the privilege herein and the property hereby conveyed shall revert to and be fully vested in the grantor." *Held*, that: *first*, the main consideration for the deed was manifestly the construction of a street railroad for suburban purposes, the requirements for cattle guards and crossings being mere incidents to the main subject of the contract, and intended to impose on the grantee the obligation to perform certain acts incidental to the main purpose, and hence, a failure to perform them would not work a forfeiture and did not entitle the grantors to ejectment; *second,* the requirements for cattle guards, crossings, etc., being mere incidents to the main purpose of the contract, were not such conditions subsequent as would work a forfeiture; *third,* the words "subject to" can not be held to mean "upon condition that," these last words, used lower down in the instrument, applying not to the incidental requirements of the contract, but to its main purpose, and that having been fully performed, all penalty of forfeiture was avoided; and, *fourth,* the fact that only one dollar was mentioned as a consideration of the deed, does not justify a holding that the construction of cattle guards and street crossings was the actual consideration, for these things, without the railroad, would have no value.

Appeal from the St. Louis County Circuit Court.—*Hon. Rudolph Hirzel,* Judge.

Affirmed.

*James A. Seddon, James L. Blair* and *Seddon & Blair* for appellants.

The court erred in sustaining the demurrer to the evidence at the close of the plaintiff's case, as it clearly appeared that the conveyance of the right of way was made upon the valid conditions subsequent; that these conditions had not been complied with by the defendant, thereby rendering their estate void and of no effect, and giving a right of re-entry in the plaintiffs, which under our statutes and decisions is sufficiently expressed

by instituting the action of ejectment. Hubbard v. Railroad, 63 Mo. 70; Avery v. Railroad, 113 Mo. 561; Harner v. Railroad, 38 Wis. 165; Martin v. Railroad, 37 W. Va. 349; Ritchie v. Railroad, 55 Kan. 36; Nicoll v. Railroad, 12 N. Y. 121. The question whether a clause or stipulation in a contract is a condition or covenant, is one of intent to be gathered from the whole instrument and the existing facts. Studdard v. Wells, 120 Mo. 29; St. Louis v. Wiggins Ferry Co., 88 Mo. 618; 4 Kent's Com., 132. In a voluntary conveyance, words may be held to be a condition, which, if used in a conveyance made for a valuable consideration, would be held a covenant only. Harner v. Railroad, 38 Wis. 165. Although there are technical words, which, if used in a conveyance, unmistakably create a condition, yet the use thereof is not absolutely essential to that end, and a valid condition may be expressed without employing these words. Tiedeman on Real Prop., sec. 272; 2 Wash. Real Prop. (5 Ed.), sec. 3; Hubbard v. Railroad, 63 Mo. 70; Stillwell v. Railroad, 39 Mo. App. 231; Ritchie v. Railroad, 55 Kan. 36. A clause of re-entry is not necessary to make a condition subsequent. Tiedeman on Real Prop., sec. 277; Ruddick v. Railroad, 116 Mo. 31; Gray v. Blanchard, 8 Pick. (Mass.) 291; Harner v. Railroad, 38 Wis. 165. The action of ejectment will lie against a railroad company for the recovery of a right of way on the breach of a condition subsequent although the conveyance contains no express clause of forfeiture. Ruddick v. Railroad, 116 Mo. 33; Harner v. Railroad, 38 Wis. 165; Nicoll v. Railroad, 12 N. Y. 121. It is not necessary in order to take advantage of a condition that its breach should have caused injury to the grantor. 2 Wash. Real Prop., p. 19; Tiedeman Real Prop., sec. 277.

*A. N. Edwards, Dawson & Garvin* and *Leonard Wilcox* for respondent.

(1) Even though the terms of the deed, which are alleged to have been broken, are conditions, ejectment will not

lie.    Baker v. Railroad, 57 Mo. 265; Provolt v. Railroad, 57 Mo. 263; McClellant v. Railroad, 103 Mo. 313; Hubbard v. Railroad, 63 Mo. 68; Dodd v. Railroad, 108 Mo. 585; Scarritt v. Railroad, 127 Mo. 303; s. c., 148 Mo. 681; Osborne v. Railroad, 37 Fed. Rep. 830.    (2)    The terms of the deed, which are alleged to have been violated, are not conditions.    4 Kent. Com. (14 Ed.), pp. 130, 132; University v. Swarth, 107 Fed. Rep. 803; McKnight v. Kreutz, 51 Pa. St. 238; Studdard v. Wells, 120 Mo. 29; Roanoke Inv. Co. v. Railroad, 108 Mo. 63.

VALLIANT, J.—This is an action in ejectment to recover a strip of land, through which is a railroad, which at the commencement of this suit was in the possession of and operated by defendant.

The land is embraced in a right of way granted by the plaintiffs to the St. Louis & Kirkwood Railroad Company, upon which that company constructed its railroad, and which at the commencement of this suit was in the possession and use of the defendant as lessee under the plaintiffs' grantee, but pending the suit the lease has expired, and the Kirkwood company has resumed its possession and is operating the road.

The right of way granted was through land of plaintiffs in or near Kirkwood, and the plaintiffs ground their right of recovery on the proposition that the grant was on conditions subsequent, which have been broken by the grantee, and for the breaches plaintiffs have in due form declared the forfeiture and demanded possession.

The case turns chiefly on the construction that should be placed on the deed granting the right of way.    That deed is as follows:

"Contract for right of way entered into between Laura B. Gratz and Anderson Gratz her husband, of the town of Kirkwood, St. Louis county, Missouri, parties of the first part, and the Kirkwood & St. Louis Railroad Company, a corporation

of the State of Missouri, party of the second part.

"Witnesseth: For and in consideration of one dollar in hand paid, the receipt of which is hereby acknowledged, the parties of the first part hereby sell and transfer to the party of the second part, its assigns and successors, subject however to the faithful performance of the terms of this agreement, the right to build, maintain and operate a railway over and through a certain tract of land [description]; said right of way to be so used as not to interfere with the remaining rights of the first parties to use the property, whether as a street or for other purposes. No trees are to be cut on said right of way unless said trees interfere with the construction or operation of said road. Natural drains to be preserved by ample culverts, bridges or trestles except that in the westerly half of said property, the party of the second part may direct the creek into ditches not to be confined to the right of way. All surplus earth, if any, to be deposited at any point designated by first party within three hundred feet of a place of excavation; proper cattle guards to be constructed by second party at each entrance to property. Proper level and planked crossings to be constructed by second party at two points to be designated by first party. No construction camps or other nuisance to be allowed on the right of way and no crossing or trespassing to be allowed on any other part of the property. Entire right of way to be maintained by second party in a clean and decent condition free from all nuisances. The party of the second part agrees that in case a street or streets should be dedicated including the right of way, they will operate and maintain this section of their railroad in the way provided and subject to all the conditions of the ordinance of the town of Kirkwood, granting them the right of way through the streets of said town, upon condition, however, that the grantee herein, its successors and assigns, shall construct and maintain a single or double track of railroad to be operated by electricity for motive power or by such other approved power as may be adopted by the

grantee or assigns, and upon the failure or abandonment of said enterprise by the grantee herein or its successors or assigns, the privilege herein and the property hereby conveyed shall revert to and be fully vested in the grantors, their legal representatives or assigns, and conditioned also that the construction of such road be fully completed and such road be in operation in or before the year 1896."

The cause was tried by the court, jury waived. There was evidence on the part of the plaintiffs tending to show that the railroad as constructed impaired the use of the strip as a street; that no cattle guard was constructed; that although the plaintiffs designated two crossings, yet the railroad company made only one, and that one not planked or made level; that the rails were laid on ties above the surface as in ordinary steam railroads; that at the crossing which the railroad company did construct, the roadbed was graded so that it was necessary in passing over it to go up and down a considerable embankment; that at the other place designated by plaintiffs for a crossing, not only was no crossing made, but a switch with high guard rails was put in, which rendered it impracticable for a crossing, and plaintiffs were compelled to make another road to town from their property. The railroad was constructed within the time specified in the deed, and is in continuous operation. This strip is midway between the main termini of the road and that part of the railroad on this strip is necessary to the operation of the road. At the close of the plaintiffs' case, defendant interposed a demurrer to the evidence. The court took the case under advisement, and subsequently rendered a finding for defendant on the issues joined, and a judgment accordingly. Plaintiffs appeal.

The trial court, in a memorandum of its findings and opinion, said that the railroad company had failed "to construct cattle guards, and also failed to construct and plank over certain crossings and for these failures and omissions the plaintiffs claim a forfeiture and the right of possession of said right

of way.    Plaintiffs' counsel present quite an able and learned argument to maintain their position, but the fact remains that the contract does not provide for a forfeiture on account of these omissions, and no forfeiture can be construed unless so provided in the contract, and no action of ejectment will lie in this State for a breach of a condition subsequent.    [See Provolt v. Railroad, 57 Mo. 256; Baker v. Railroad, 57 Mo. 265; Hubbard v. Railroad, 63 Mo. 68; Kanaga v. Railroad, 76 Mo. 207; McClellan v. Railroad, 103 Mo. 295.]    It would seem from the authorities that plaintiffs' remedy consists in an action for damages, but they cannot maintain an action in ejectment."

The learned discussion in the briefs before us on this appeal is directed chiefly to the second proposition in the above quotation, that is, that ejectment will not lie against a railroad corporation in such case for a breach of a condition subsequent.    But if the learned trial judge was correct in his first proposition, that is, that the contract in question "does not provide for a forfeiture on account of these omissions," the case is disposed of before we reach the second proposition.

Where the terms of a contract are left open to construction, and the question is, do they amount to a condition subsequent or to a covenant, the inclination should be to hold it a covenant. A condition that works a forfeiture is not favored and the law will not presume that it was intended if the terms used can as reasonably be construed to mean a covenant.    [4 Kent Com. (14 Ed.), pp. 129, 132; Studdard v. Wells, 120 Mo. 29.]

It is the same principle which underlies the doctrine that a clause in a contract will not be construed as providing for forfeiture in the form of liquidated damages, when the consequence is out of proportion to the wrong suffered and a just estimate of compensation can be reasonably made.    In construing the contract we must say what the parties really intended by the language used, and the language must be understood to have been used in reference particularly to the subject

about which the parties were contracting. If, therefore, we adopt the appellants' construction of this contract, we must say that the parties, by the language used, intended to say that if the railroad company failed to perform any one of the several things it agreed to do, this segment of its road should be cut out and its business as a carrier of passengers between St. Louis and Kirkwood be brought to an end. The contract denounces a forfeiture for either one of the items specified as well as for all, if it denounces a forfeiture at all. If a tree was cut down unnecessarily, if a culvert was not large enough, if surplus earth excavated in the grading was not deposited just where plaintiffs designated, in short if any one of the numerous requirements was not observed, a forfeiture would result, if plaintiffs correctly interpret the contract. In that case the result would be unreasonably disproportionate to the wrong intended to be guarded against. One of the requirements of the law is that a condition carrying forfeiture must be reasonable. [6 Am. and Eng. Encyl. Law, 504.]

A grant may be on a condition subsequent when no express words of condition are used, and the intent may be gathered from the whole instrument. [Tiedeman on Real Prop. (2 Ed.), sec. 272; 2 Washb. Real Prop. (5 Ed.), sec. 2; Chapin v. School Dist., 35 N. H. 445; Gray v. Blanchard, 8 Pick. 291.] But the intent to create a condition under which the estate granted may be forfeited must be very clear.

It is argued for appellants that this was a voluntary conveyance, that even the nominal consideration of one dollar was shown by the evidence not to have been paid and never expected by either party to be paid, and, therefore, the performance of the conditions was the only consideration to support the contract. But the argument is not convincing. The only consideration named as such was one dollar, which the parties showed by their conduct did not enter into their calculations at all; there was something else not named that moved the plaintiffs to make the grant. What was it? Counsel argue that

Gratz v. Highland Scenic Ry. Co.

it was the performance of the conditions in question, that that was the sole moving cause. Is it reasonable to conclude that the plaintiffs, for the sole consideration of having a cattle guard placed at each end and crossings made as designated, would convey a strip of fifty feet wide though their grounds? If there was no other fact in the case, what imaginable use could the plaintiffs have for cattle guards and crossings? Clearly the cattle guards and crossings, and the other items specified, were mere incidents to the main subject of the contract. The real consideration for the conveyance was so manifest that expression was useless. The construction of an electric passenger railroad through plaintiff's suburban premises, affording communication with the city, was a desirable object to attain and this they did attain and this was undoubtedly the consideration moving to the grant. Having obtained the main consideration, shall the plaintiffs be allowed to effect a forfeiture of the grant because certain mere incidental requirements were not satisfied? Not unless it is so expressed or necessarily implied in the contract. The language of the contract relied on by appellants is: "For and in consideration of one dollar in hand paid, the receipt of which is hereby acknowledged, the parties of the first part hereby sell and transfer to the party of the second part, its assigns and successors, subject however to the faithful performance of the terms of this agreement, the right to build, maintain and operate a railway over and through a certain tract of land," etc., etc.

Appellants construe the terms "sell and transfer . . . . subject however to the faithful performance," etc., to mean, sell and transfer upon condition that the terms of the agreement be performed. If we were held to a strict grammatical construction we might find it difficult to class the words "subject to" in their relation to the rest of the sentence. But, syntax aside, it will not be too critical to say that those words in the connection in which they are employed in this contract are not as apt as the words "upon condition" would have been if

they had been intended to express that meaning. They do not necessarily mean what appellants interpret them to mean, and to give them that meaning would do violence to the general intent of the whole instrument, and impose an unreasonable penalty on the offending party. We are satisfied that the parties intended only to say that the grant carried to the grantee the obligation to perform certain acts incidental to the main purpose.

That the parties to this contract did not understand the words above discussed as meaning that the performance of the various acts specified in that connection were conditions subsequent, for the non-performance of which the estate granted would be forfeited, is also shown by the fact that further down in the contract it is in express terms declared that the grant is "upon condition," that certain other acts shall be done within a period specified and if not done within that time "the privilege herein and the property hereby conveyed shall revert to and be fully vested in the grantors." Those acts were strictly performed. That shows that the parties were mindful of what they were doing and knew the difference between a covenant to perform collateral acts and a condition subsequent on which the grant depended.

The trial court was right in its construction of the contract, and its judgment is affirmed. All concur.