[S. F. No. 5052.   In Bank.—December 24, 1908.]

## J. A. CHASE, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and JOHN HUNT, Judge, Respondents.

CHANGE OF PLACE OF TRIAL—ORDER DIVESTS TRANSFERRING COURT OF JURISDICTION.—Under section 399 of the Code of Civil Procedure, when the superior court of the county in which an action is commenced makes an unconditional order transferring the action for trial to the superior court of another county, it thereby loses jurisdiction of the action, and thereafter has no power to vacate the order or to entertain any further jurisdiction in the case. Such order itself divests the original court of jurisdiction and vests it in the court to which the transfer is ordered.

ID.—FAILURE OF MOVING PARTY TO PAY COSTS OF REFILING PAPERS— IMPLIED CONDITIONS IN ORDER.—The provision of section 399, requiring the moving party to pay the costs of filing the papers anew in the court to which the transfer is made, cannot be construed as importing into the order of transfer a condition making the transfer contingent upon such payment within a reasonable time; and upon default of the moving party in payment of such costs, the court in which the action was commenced has no jurisdiction to revoke its order of transfer and deny the motion for the change of the place of trial.

ID.—ACTUAL RECEIPT OF PAPERS NOT ESSENTIAL TO JURISDICTION.—
Upon the failure of the moving party to pay the costs of filing the
papers anew in the superior court to which the action is transferred,
that court has power to deal with the matter, although the papers
have not actually been filed there.

APPLICATION for a Writ of Prohibition to the Superior
Court of the City and County of San Francisco. John Hunt,
Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Petitioner.

Nagle & Nagle, for Respondents.

SLOSS, J.—This application for a writ of prohibition was
originally presented to the district court of appeal for the
first appellate district. After judgment in that court, order-
ing a writ to issue as prayed by the petitioner, the proceeding,
upon motion of the respondents, was ordered transferred to
this court for hearing and determination.

In the district court of appeal the following opinion, pre-
pared by Cooper, P. J., was filed:—

"The verified petition for a writ of prohibition shows that
in July, 1906, F. A. Bliss brought an action in the superior
court of the city and county of San Francisco against the
petitioner as defendant. In the following September, upon
the demand of petitioner, the said superior court duly made
an order, changing the place of trial of said action from the
city and county of San Francisco to Santa Clara County, that
being the county in which the defendant in said action resided
at the time of the commencement thereof. The petitioner paid
the fees of the clerk of the superior court of San Francisco
and the charges for transferring said pleadings and records
in said case to the county of Santa Clara, but neglected to
pay the fees of the clerk of Santa Clara County demanded for
filing the said papers in said cause with said clerk after they
had been so transferred. In October, 1907, the attorney for
the plaintiff in said action filed an affidavit in the superior
court of San Francisco, setting forth the fact that more than
one year had elapsed since the said superior court made the
order transferring the said case, and that this petitioner had

during all of said time neglected and refused to pay the costs and fees required by law to be paid to the clerk of Santa Clara County, which affidavit was accompanied by the certificate of the county clerk of Santa Clara County, to the effect that his legal fees for filing said papers had not been paid. Upon this showing an order to show cause was issued out of the superior court of San Francisco, and served upon petitioner's attorneys. The said superior court, in January, 1908, after notice and hearing, made an order vacating and setting aside the order made in September, 1906, changing the place of trial on the ground that this petitioner had, for more than one year, neglected and refused to pay the fees for filing said papers in Santa Clara County; and at the same time directed that said records and papers be recalled and restored to the superior court of San Francisco, and further made an order denying the said motion of petitioner for a change of the place of trial.

"The defendant interposed a demurrer to the petition upon the ground that the facts therein stated do not show that the petitioner is entitled to the relief prayed for.

"On the argument of the case it was agreed that the facts stated in the petition are substantially correct, and that the whole matter might be determined upon the record as it now stands.

"It is claimed that by the unconditional order of transfer the superior court of San Francisco lost jurisdiction, and hence it had no power afterwards to vacate the order changing the place of trial, or to entertain any further jurisdiction in the case.

"It is provided in the Code of Civil Procedure, section 399, as follows: 'When an order is made transferring an action or proceeding for trial the clerk of the court or justice of the peace must transmit the pleadings and papers therein to the clerk or justice of the court to which it is transferred. The costs and fees thereof, and of filing the papers anew, must be paid by the party at whose instance the order was made. The court to which an action or proceeding is transferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein.'

"The question in the case is as to when the action was transferred, or, in other words, was the transfer in fact com-

pleted by the order made by the court? The code provides
that the court to which the action is transferred 'has and exer-
cises over the same the like jurisdiction as if it had been orig-
inally commenced therein.' We are of the opinion that the ac-
tion was transferred to Santa Clara County when the order was
finally made and entered in the superior court of the city and
county of San Francisco. There must be a moment of time
when the court transferring the case loses jurisdiction, and
the court to which it is transferred acquires jurisdiction.
When the court to which the action is transferred acquires
jurisdiction, the court which made the order transferring it has
no power to make any further order in the premises. The code
(Code Civ. Proc., sec. 395) expressly provides that the kind of
an action brought against petitioner 'must be tried in the
county in which the defendants or some of them reside at the
commencement of the action.' Such action may, however, be
tried in any county unless the defendant, at the time he ap-
pears, files an affidavit of merits and demands in writing that it
be tried in the proper county (sec. 396). The code makes no
provision as to inserting a condition in the order, nor does it
provide that the order becomes void for a failure to pay the
costs. It makes it the duty of the party at whose instance the
order was made to pay the costs of filing the papers anew, but
that is the extent of the provision. It may be a hardship upon
the party who was sued in the wrong county to compel him to
go to such county, file his notice, affidavit and demand in writ-
ing in order to get the case transferred to the county of his resi-
dence, where it should have been commenced in the first place,
and then in addition to this to pay the clerk's fees for filing
the papers anew in the county to which it is transferred. It
is really making the defendant who has been sued in the
wrong county pay the clerk's fees of plaintiff for filing the
papers anew in the proper county; but such is the statute. It
is not our business in this proceeding to suggest the method
of enforcing it; but it is sufficient to say that the statute does
not provide that the order may be vacated and set aside by the
court which made it if such costs are not paid. The order
changing the place of trial having been made and entered in
the clerk's office of the superior court of San Francisco, and
the custody of the papers and records having passed from the
clerk of the city and county of San Francisco to the clerk of

Santa Clara County, the superior court of San Francisco had no further duty to perform, and no authority to compel the payment of costs in Santa Clara County. The superior court of Santa Clara County was the court in which to enforce the payment of costs by petitioner.

"In *Hatch* v. *Galvin*, 50 Cal. 441, the action was brought against defendant to recover damages for having, as justice of the peace, rendered judgment and issued execution in an action in which he had no jurisdiction, because he, as such justice, had duly made an order changing the place of trial to the court of one Squire, a justice of the peace for the same township. It was held that the action would lie, and that, by the order changing the place of trial, the justice's court by which the order was made lost jurisdiction. In the opinion it is said: 'The order thus entered vested jurisdiction in the court of the said Abner C. Squire, and necessarily put an end to the jurisdiction of the defendant over the case. Section 837 of the Code of Civil Procedure is as follows: "From the time the order changing the place of trial is made the court to which the action is thereby transferred has the same jurisdiction over it as though it had been commenced in such court." The granting of the order therefore left the court held by the defendant with no other jurisdiction over the cause than it would have had if the action had been originally commenced in the court to which it was thereby transferred; that is to say, with absolutely no jurisdiction to try or determine it.'

"In *People* v. *Suesser*, 142 Cal. 354, [75 Pac. 1093], it was claimed that the county in which an order, changing the place of trial, was made retained jurisdiction because the papers and records of the case were sent to the county to which the case had been transferred, instead of sending copies, as required by the Penal Code. The court there said: 'We are of the opinion, under the language of our statute, that the superior court of Santa Clara County acquired jurisdiction of the cause by reason of the making and entry of the order of removal. The statute provides that an order must be made transferring the action, and when such an order is legally made the court making it has no jurisdiction to proceed further in the cause so long, at least, as that order remains unrevoked. The certified copies to be forwarded to the court to which the action has been transferred are the evidence of

the order of transfer, and of the proceedings in the court from which the transfer has been made.'

"In *Brown* v. *Gilmore's Executors,* 8 Md., 322, it is said: 'The order for removal transfers the jurisdiction, and from that moment the case in legal contemplation is in the court to which it is removed, whether the papers have actually been transmitted from one court to the other or not.'

"In *State ex rel Gibson* v. *Lay,* 128 Mo. 609, [29 S. W. 999], it is said: 'There can be no serious question but that as soon as the order granting the change of venue was entered of record the circuit court of Vernon County no longer had jurisdiction of the cause, and that, by such order, the jurisdiction was conferred upon the circuit court of Henry County, and that it was from that time on pending in that county.'

"In *Fisk* v. *Albany R. Co.,* 41 How. Prac., (N. Y.) 365, it is said: 'Where an order is made changing the place of trial in a cause to another county the change is effected at once. The transfer of the papers is a subsequent clerical duty.'

"The recent case of *Cunningham* v. *Current R. Co.,* 165 Mo. 220, [65 S. W. 556], is directly in point here. There the statute required the party, at whose instance a change of venue is granted, to deposit with the clerk the sum of ten dollars. Upon motion an order was made changing the venue from the county in which the action was brought to Texas County. The defendant, who had asked for and procured the order, failed to deposit the $10 as the statute provided that he must do, and the clerk did not make out and transmit the record. The trial court, at its next term, set aside the order for the reason that the defendant had failed to deposit the $10 as required by the statute, and proceeded to try the case, giving judgment for the plaintiff. The judgment was reversed by the supreme court and held void for the reason that the court, after making the order granting the change of venue, had no further jurisdiction. The opinion is by the Chief Justice Burgess, and it is there said: 'While the statute required that the defendant, when it made application for the change of venue, deposit with its application with the clerk of the court $10, which it failed to do, the court did not for that reason lose jurisdiction over the case; and its order granting the change of venue to Texas County was not absolutely void but irregular, and could not, of course, be set

aside at a subsequent term of the court after the order was made, for the obvious reason that it had lost jurisdiction of the cause by reason of the order changing the venue.' The court there quoted from *State* v. *Taylor*, 132 Mo. 286, [33 S. W. 1145], where the same statute was construed, in which case the court said: 'The deposit of $10 by the defendant with its application for a change of venue was not a condition precedent to the entertainment of the application, nor to the power of the court to grant it. Therefore, its failure to do so did not render the order void, and as it had no power to set the order aside at a subsequent term, it was without authority to try the case the venue of which had been transferred to another court. Our conclusion is that the court was without authority to try the case.' See further to the same effect: *State* v. *Taylor*, 132 Mo. 286, [33 S. W. 1145]; *Farr* v. *Fuller*, 12 Iowa, 83; *Fatt* v. *Fatt*, 78 Wis. 633, [48 N. W. 52]; *Mills* v. *National Fire Ins. Co.*, 92 Wis. 90, [65 N. W. 730]; *State* v. *Hopper*, 71 Mo. 425; *Goodhue* v. *People*, 94 Ill. 37; *Ryburn* v. *Pryor*, 10 Ark. 417.

"The case of *Armstrong* v. *Superior Court*, 63 Cal. 412, is not in conflict with what has been said. It was there held that an order granting a motion for a change of venue, upon the condition of payment of certain costs which had accrued in the county in which the order was made, was in effect denying the motion unless the costs be first paid. The court expressly said: 'It is not necessary to decide whether the superior court would have power to set aside a final order changing the place of trial.'

"It is ordered that the demurrer to the petition be overruled, and that the alternative writ heretofore granted be made absolute."

Further consideration of the question involved has led us to the conviction that the views expressed in the foregoing opinion are correct. A few words may, however, be added to what is there said.

An order changing the place of trial is appealable, and the appeal therefrom must be taken within sixty days after the entry or filing of the order. (Code Civ. Proc., sec. 939.) For purposes of appeal, therefore, such order, when entered or filed, is a final and absolute disposition, on the part of the court making it, of the motion for change of venue. And it

must be regarded as final (in that court) for all purposes, unless there be attached to it some condition which is to be complied with before the transfer shall become effective. A condition of this character may be expressed in the order itself, as was the case in *Armstrong* v. *Superior Court,* 63 Cal. 412, or it may be implied from the terms of the statute authorizing the change. Some of the justices of this court, in directing that this proceeding be heard here, were of the opinion that the provision of section 399, requiring the moving party to pay certain costs, might be construed as importing into the order a condition making the transfer contingent upon such payment within a reasonable time. A more careful examination of the statute has, however, satisfied us that to so hold would be equivalent to writing a new provision into the statute instead of interpreting what is written in it. The code provides that "when an order is made transferring an action or proceeding," the pleadings and papers must be transmitted to the clerk or justice of the court to which it is transferred, and the costs and fees of filing in the new court paid. Throughout the statutory provisions we find the two words "transfer" and "transmit," the former referring to the order of the court, which removes the case from the jurisdiction of one court to that of the other, and the latter to the ministerial duty of the clerk in physically forwarding the papers. The court in which the action was commenced has ended its duty, i. e., that of *transferring the cause,* before any obligation to pay costs or fees arises, and we can find in the statute nothing which makes the effectiveness of the order conditional upon compliance by the moving party with the obligation imposed upon him by section 399. The sections of the code dealing with transfers from justices' courts (Code Civ. Proc., secs. 833 et seq.) likewise contain provisions requiring the transmission of the papers and the payment of costs by the moving party. The ruling of this court in *Hatch* v. *Galvin,* 50 Cal. 441, that the entry of the order ends the jurisdiction of the justice making it, seems to apply equally to a transfer from one superior court to another. It is true that section 837 provides that "from the time *the order changing the place of trial is made,* the court to which the action is thereby transferred has the same jurisdiction over it as though it had been commenced in such court," while section 399, which, on its face,

refers to both superior and justices' courts, merely provides that the court *"to which an action or proceeding is transferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein."* . But if, as above suggested, the "transfer" is effected by the order rather than by the transmission and filing of the papers, there is no substantial difference in this respect between the sections. Furthermore, since both sections 399 and 837 purport to deal with transfers from justices' courts, they should, if possible, be given a construction which will make them harmonize.

The respondents quote statements of two text-writers to the effect that the failure to pay the required costs renders all prior proceedings of no effect, and enables the court in which the action was commenced to resume jurisdiction. An examination of the cases cited in support of this declaration shows, however, that in each case, with perhaps one exception, the statute under consideration provides, either expressly or by strong implication, that a failure to pay the costs within a given or reasonable time shall have the effect of vacating the order of transfer.

It may be added that the view here adopted does not, as respondents suggest, leave it within the power of the moving party to permanently prevent a trial of the action by his failure to comply with the statutory duty imposed upon him. If the jurisdiction is by the order of transfer vested in the superior court of the county to which the action is transferred, that court has ample power to deal with a failure to comply with the statutory requirements, although the papers have not actually been filed there.

For these reasons it is ordered that a peremptory writ of prohibition issue as prayed.

Angellotti, J., Lorigan, J., and Henshaw, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment, not without some doubt as to the construction given to the statute, but the more readily because it directs attention to an inconvenience or hardship which deserves consideration by the legislature. It seems to me a most unjust law which requires the defendant in a case like this to pay the costs of removing a cause to the proper county for trial. The necessity for the

proceeding arises from the fault of the plaintiff and he should not only prepay all the costs incident to the removal, but he should not be allowed to recover those particular items of cost upon recovering judgment on the merits. When the action has been commenced in the proper county and the venue is changed on motion of either party on account of local prejudice, disqualification of the judge, or for the convenience of witnesses, the moving party is justly chargeable in the first instance with the costs involved in the change, but this rule should not be applied to the defendant who merely insists upon a clear right of which the plaintiff has sought to deprive him. The statute needs amendment.