(July 31, 1923.)

MARY ONDES, Appellant, v. BUNKER HILL & SULLI-
VAN MINING & CONCENTRATING COMPANY
et al., Respondents.

[218 Pac. 364.]

CHANGE OF VENUE—APPEAL—MOTION TO DISMISS—TRANSCRIPT—BY
WHOM PREPARED—CERTIFICATION OF UNDERTAKING.

1. On appeal from an order granting a change of venue, the
fact that the transcript was made up and certified by the clerk of
the court from which the change was granted is not ground for
dismissing the appeal.

2. When the transcript includes a copy of what appears to be
a sufficient undertaking on appeal, certified by the clerk to be a
true copy, this is a sufficient compliance with C. S., sec. 7167.

APPEAL from the District Court of the Eighth Judicial
District, for Kootenai County. Hon. W. F. McNaughton,
Judge.

Action for damages to real estate. Appeal from order
granting change of venue. Motion to dismiss appeal.
*Denied.*

Lynn W. Culp, for Appellant, files no brief.

C. W. Beale, for Respondents.

After the making and entry of the order transferring the
cause, the district court of the eighth judicial district for
the county of Kootenai had no jurisdiction, and such order
left that court in the condition as if this cause had been
originally commenced in the district court of the first judi-
cial district for the county of Shoshone. (*Chase v. Superior
Court,* 154 Cal. 789, 99 Pac. 355; C. S., sec. 6668.)

The transcript on appeal does not contain any certificate
by the clerk or the attorneys that an undertaking on appeal
in due form had been properly filed. (C. S., sec. 7167.)

McCARTHY, J.—This appeal is taken from an order of the district court of the eighth judicial district for Kootenai county granting respondent a change of venue to the district court for Shoshone county. The papers were transmitted to the clerk of the court of the latter county in accordance with C. S., sec. 6668.

"Sec. 6668. When an order is made transferring an action or proceeding for trial, the clerk of the court, or justice of the peace, must transmit the pleadings and papers therein to the clerk or justice of the court to which it is transferred. The costs and fees thereof, and of filing the papers anew, must be paid by the party at whose instance the order was made. The court to which an action or proceeding is transferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein."

The transcript is certified by the clerk of the district court for Kootenai county and not by the clerk of the court for Shoshone county.

The first ground of respondent's motion to dismiss the appeal is that the transcript was not certified and filed within 90 days after the perfection of the appeal as required by rule 26. The records of this court show that the time was extended by three orders signed by the Chief Justice in accordance with rule 28, and that the transcript was served and filed within the time as extended. The extension of time by an *ex parte* order is the proper and usual practice under rule 28.

Another ground, variously stated in the motion, is that the transcript is certified by the clerk of the district court for Kootenai county, whereas it should have been certified by the clerk of the court for Shoshone county. The theory is that, after the change of venue was granted and the papers were forwarded to Shoshone county, the clerk of the Kootenai county court lost all power and control over them, that the action was from then on pending in the Shoshone county court, and the clerk of the court for Kootenai county had no authority to certify to a transcript. Counsel for

respondent refers particularly to the provision of section 6668, *supra,* that the court to which the action is transferred has the same jurisdiction as if it had been originally commenced therein. He also refers to *Chase v. Superior Court,* 154 Cal. 789, 99 Pac. 355, holding that an order granting change of venue divests the original court of all jurisdiction over the case. This principle is elementary, but it does not seem that there is any question of jurisdiction here. Appellant certainly had a right under our statutes to take this appeal. The order appealed from was an order of the district court for Kootenai county, not of the court for Shoshone county. The appeal had to be taken from the Kootenai county court. The statutes and rules require that the judge who made the order shall certify what papers he considered. Obviously this had to be done by the judge for the Kootenai county court. It could not have been done by the judge for the Shoshone county court. In taking an appeal the natural thing to do is to order a transcript from the clerk of the court from which the appeal is taken. If he has not the papers, and cannot get them, other proceedings may be necessary. It is not necessary for us to decide here whether the clerk of the court for Shoshone county could have been compelled to return the papers to the clerk for Kootenai county to enable him to make up the transcript, or whether the clerk for Shoshone county could have made up and certified the transcript. It appears that the papers were returned to the clerk for Kootenai county for the purpose of making up the transcript, that he prepared and certified it, and no claim is made that the transcript does not contain true copies of the originals on which the judge acted. The clerk in making and certifying a transcript performs purely ministerial duties, and exercises no jurisdiction. Permitting the clerk for Kootenai county to have the papers temporarily in order to prepare a transcript was not a violation of C. S., sec. 6668. The statement in the certificate that the action was pending in the eighth judicial district in and for Kootenai county is incorrect, the fact being that it was pending in the district court for Shoshone

county. But this statement does not invalidate the certificate.

The third ground of the motion is that neither the clerk nor the attorneys certified that a proper undertaking on appeal had been filed. C. S., sec. 7167, requires such a certificate. This court has held that this requirement is met by including a copy of the undertaking on appeal in the transcript with a stipulation that it is a true copy. (*Idaho Comstock etc. Co. v. Lundstrum,* 9 Ida. 257, 74 Pac. 975.) A copy of the undertaking in this case is included in the transcript. The clerk certifies it is a correct copy. It appears to be sufficient, and has not been attacked. This constitutes sufficient compliance with the statute.

The motion to dismiss the appeal is denied.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.